Our File No.: 9109/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys for Defendant Power Link Logistics*
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY and MARAN, INC.<br><br>                              Plaintiff,<br>     -against-<br><br>M/V MSC CHINA her engines, boilers, tackle, etc. POWER LINK LOGISTICS INC. SAFMARINE CONTAINER LINES N.V.<br><br>                              Defendants. | 08cv1806 (SHS)(HP)<br><br>**POWER LINK**<br>**ANSWER**<br>**WITH CROSS CLAIM** |

Defendant Power Link Logistics, (hereinafter collectively referred to as "Power Link"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its Answer to the Complaint allege upon information and belief as follows:

**FIRST CAUSE OF ACTION**

1. Power Link admits that this is an admiralty and maritime claim within the meaning of FRCP 9(h); except as so specifically admitted, defendant denies knowledge and information at this time to respond to the remaining allegations set forth in paragraph 1 of plaintiff's complaint.

2. Power Link denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph 2 of plaintiff's complaint.

3. Power Link admits it is a non-vessel operating common carrier (NVOCC) licensed to do business in the United States and maintains an office at 21112 Figueroa Street, Suite A, Carson, CA, 90745; except as so specifically admitted, defendant denies the remaining allegations set forth in paragraph 3 of plaintiff's complaint; further Power Link is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Power Link, those allegations are denied.

4. Power Link denies all of the allegations set forth in paragraph 4 of plaintiff's complaint; further Power Link is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Power Link, those allegations are denied.

5. Power Link denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph 5 of plaintiff's complaint.

6. Power Link denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph 6 of plaintiff's complaint.

7. Power Link is not required to respond paragraph 7 of plaintiff's complaint since there is no allegation set forth against it.

8. Power Link denies all of the allegations set forth in paragraph 8 of plaintiff's complaint.

9. Power Link is not required to respond paragraph 9 of plaintiff's complaint since there is no allegation set forth against it.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. That the said shipments as described in plaintiff's complaint are subject to all the terms, conditions and exceptions contained in certain bills of lading and Power Link's Terms of Service, by which the shippers and consignees of said bills of lading and terms of service agree to be and are bound.

11. Any shortage, loss and/or damage to the shipment in suit, which Power Link specifically denies, was due to causes for which Power Link is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Charter Act, and/or the provisions of the said bills of lading, and/or the General Maritime law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. This suit should be removed on the basis of forum non-conveniens.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. That if plaintiff suffered any loss or damage, which Power Link denies, then such loss or damage resulted from a cause arising without the actual fault and privity of Power Link and without the fault or neglect of the agents or servants or Power Link, and Power Link is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which Power Link is

not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by Power Link's terms of the service.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. That plaintiff failed to state a cause of action against Power Link in its complaint upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. Upon information and belief, that the venue of this matter is improperly placed in this District pursuant to the forum selection clauses in the applicable bill of lading contracts.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

18. That plaintiff has failed to name a necessary party.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19. The maximum liability of defendant(s) if any, is $500 per package as agreed to in the provisions of the bill(s) of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. Section 1304 (5).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20. That if the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was proximately caused by a Restraint of Princes, for which the

carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(g) and (k) and by the terms of the contract of carriage.

## AS AND FOR THEIR CROSS-CLAIMS AGAINST DEFENDANT SAFMARINE CONTAINER LINES
## DEFENDANT POWER LINK ALLEGES AS FOLLOWS:

21. Power Link Repeats and realleges each and every allegation of the complaint and admission, denial and denial of knowledge or information contained in paragraphs 1-20 inclusive of this answer, with the same force and effect as if herein set forth at length.

22. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss of damage caused any liability to Defendant Power Link, then the said liability was brought about by Co-Defendant Safmarine Container Line's negligence and/or breach contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Power Link is entitled to full indemnity and/or contribution from Co-Defendant Safmarine Container Line, for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE**, Defendant Power Link prays that the complaint against it be dismissed and its cross-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
March 31, 2008

                        CICHANOWICZ, CALLAN, KEANE,
                        VENGROW & TEXTOR, LLP
                        61 Broadway, Suite 3000

       New York, New York 10006

       *Attorneys for Defendants*
       *Power Link International*

       By:   <u>S/ Stephen Vengrow</u>
              Steven H. Vengrow (3479)

**CERTIFICATE OF SERVICE BY ECF AND US MAIL**

The undersigned declares under penalty of perjury that the following is true and correct.

1. I am over the age of eighteen years and I am not a party to this action.

2. On April 1, 2008, I served the following by ECF and US Mail a true and complete copy of Power Link's response to plaintiff's complaint with cross claim to the following party at:

DATED: New York, New York
April 1, 2008

                                              s/ Jessica De Vivo
                                    Jessica A. De Vivo (JAD6588)