192-08/GMV
FREEHILL HOGAN & MAHAR, LLP
80 Pine St.
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
Gina M. Venezia (GV1551)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMNPANY and MARAN, INC.<br><br>Plaintiffs<br><br>- versus -<br><br>M/V MSC CHINA, her engines, boilers, tackle, etc., POWER LINK LOGISTICS INC., SAFMARINE CONTAINER LINES N.V.<br><br>Defendants. | 08-cv-01806 (SHS)<br><br>**DEFENDANT SAFMARINE'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant, Safmarine Container Lines N.V. (hereinafter "Safmarine"), by its attorneys, Freehill Hogan & Mahar, LLP, answer the Complaint of Plaintiffs as follows:

1. The allegations in paragraph 1 state a legal conclusion and thus no response is required. To the extent a response may be required, Safmarine admits that this action is subject to the Court's admiralty jurisdiction.

2. Safmarine denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint.

3. Safmarine admits that it is a business entity organized under the laws of a foreign country and was engaged in the business of common carriage of merchandise by water for hire. Safmarine admits that it issued waybill 750336194 with respect to the subject container which was said to contain woven garments. The remaining allegations of paragraph 3 of the Complaint

NYDOCS1/302462.1                                    1

are denied insofar as they relate to Safmarine. Insofar as the allegations relate to other parties to this litigation, Safmarine denies knowledge or information sufficient to form a belief as to those allegations.

4. Safmarine denies the allegations in paragraph 4 insofar as they pertain to Safmarine.

5. Safmarine denies the allegations in paragraph 5 of the Complaint.

6. Safmarine denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 6.

7. The claims against Safmarine are not subject to arbitration, but are subject to the governing forum selection clause contained in the waybill.

8. Safmarine denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 8.

9. Safmarine denies the allegations in paragraph 9.

10. Safmarine denies all allegations in the Complaint not heretofore specifically admitted.

11. Safmarine denies the allegations of Plaintiffs' prayer.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Safmarine upon which relief can be granted.

2. Venue is improper and this case should be dismissed in accordance with the governing waybill jurisdiction clause which requires that any claim or dispute shall exclusively be determined by the courts of Antwerp, Belgium, "to the exclusion of the jurisdiction of the

courts of any other place". In the alternative, the Complaint should be dismissed on *forum non conveniens* grounds.

3. Plaintiffs are not the real party in interest or proper plaintiffs to assert the claims set forth in the Complaint.

4. The shipments described in the Complaint were received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, waybills, tariffs, and/or charters by which the shipper, owner, consignee and Plaintiffs are bound. Any loss, damage or shortage to the goods, which is denied, was due to a cause or causes for which Safmarine is not liable by virtue of the terms of any such applicable dock receipts, waybills, tariffs, and/or charters, and Safmarine is entitled to any and all defenses and rights provided for in same.

5. The shipments described in the Complaint were received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA"), Act, ch. 229, 49 Stat. 1207 (1936), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to this carriage and/or the General Maritime Law and/or foreign law. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which Safmarine is not liable by virtue of the terms of the aforementioned law and/or legislation.

6. Any loss or damage to the goods as alleged in the Complaint was caused by or contributed to by Plaintiffs and/or other third-parties, and not by Safmarine.

7.   The liability of Safmarine, if any and which is specifically denied, is limited by the applicable dock receipts, waybills, tariffs, charters, and/or U.S. (federal or state) or foreign law to an amount calculated on a per package, customary freight unit or other basis.

8.   Any loss or damage to the cargoes as alleged in the Complaint arose without Safmarine's actual fault or privity and without fault or negligence of its agents or servants or anyone for whom it is responsible, and therefore, Safmarine cannot have any liability for such loss or damage.

9.   Plaintiffs have failed to mitigate their damages.

10.   Safmarine reserves the right to assert and rely upon such other and further defenses, under any and all applicable law(s), as may be supported by the facts to be determined through full and complete discovery.

W H E R E F O R E , Defendant Safmarine respectfully requests that the Complaint be dismissed with prejudice and Safmarine be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action, and that Safmarine be granted such other and different relief as the Court may deem just and proper.

DAED:   New York, New York
April 10, 2008

    Respectfully submitted,

    /s/Gina M. Venezia
    Gina M. Venezia
    FREEHILL HOGAN & MAHAR, LLP
    80 Pine Street
    New York, New York 10005
    (212) 425-1900
    *Attorneys for Defendant Safmarine*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF**:

Harold Kingsley
Kingsley Kingsley & Calkins
91 West Cherry Street
Hicksville, NY 11801
hmk@kingsleyandkingsley.com
Attorneys for Plaintiffs

Stephen H Vengrow
Cichanowicz, Callan, Keane, Vengrow & Textor
61 Broadway, Suite 3000
New York, NY 10006
svengrow@cckvt.com
Attorneys for Co-Defendant


　　　　　　　　　　　　　　　　　　/s/ Gina M. Venezia

　　　　　　　　　　　　　　　　　　Gina M. Venezia