192-08/GMV
FREEHILL HOGAN & MAHAR, LLP
80 Pine St.
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
Gina M. Venezia (GV1551)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMNPANY and MARAN, INC.<br><br>            Plaintiffs<br><br>  -   versus -<br><br>M/V MSC CHINA, her engines, boilers, tackle, etc., POWER LINK LOGISTICS INC., SAFMARINE CONTAINER LINES N.V.<br><br>            Defendants. | 08-cv-01806 (SHS)<br><br>**DEFENDANT SAFMARINE'S ANSWER TO CO-DEFENDANT'S CROSS-CLAIM** |

Defendant, Safmarine Container Lines N.V. (hereinafter "Safmarine"), by its attorneys, Freehill Hogan & Mahar, LLP, answers the Cross-Claim of Co-Defendant Power Link Logistics Inc. ("Power Link") contained in paragraphs 21 and 22 of its Answer with Cross-Claim as follows:

1.  With respect to paragraph 21 of Power Link's Cross-Claim, Safmarine incorporates by reference each and every denial, denial of knowledge or information sufficient to form a belief, admission, allegation and defense contained in its answer to Plaintiff's Complaint, with the same force and effect as if herein set forth at length.

2.  Safmarine denies the allegations of paragraph 22

3.  Safmarine denies all allegations in the Cross-Claim not heretofore specifically admitted.

4. Safmarine denies the allegations of Power Link's prayer insofar as it prays that its cross-claim be granted.

## AFFIRMATIVE DEFENSES

1. The Cross-Claim fails to state a claim against Safmarine upon which relief can be granted.

2. Venue is improper and the Cross-Claim should be dismissed in accordance with the governing waybill jurisdiction clause which requires that any claim or dispute shall exclusively be determined by the courts of Antwerp, Belgium, "to the exclusion of the jurisdiction of the courts of any other place". In the alternative, the Cross-Claim should be dismissed on *forum non conveniens* grounds.

3. The shipments described in the Cross-Claim were received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, waybills, tariffs, and/or charters by which the shipper, owner, consignee and Power Link are bound. Any loss, damage or shortage to the goods, which is denied, was due to a cause or causes for which Safmarine is not liable by virtue of the terms of any such applicable dock receipts, waybills, tariffs, and/or charters, and Safmarine is entitled to any and all defenses and rights provided for in same.

4. The shipments described in the Cross-Claim were received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA"), Act, ch. 229, 49 Stat. 1207 (1936), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to this carriage and/or the General Maritime Law and/or foreign law. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes

for which Safmarine is not liable by virtue of the terms of the aforementioned law and/or legislation.

5. Any loss or damage to the goods as alleged in the Cross-Claim was caused by or contributed to by Plaintiffs, Power Link, and/or other third-parties, and not by Safmarine.

6. The liability of Safmarine, if any and which is specifically denied, is limited by the applicable dock receipts, waybills, tariffs, charters, and/or U.S. (federal or state) or foreign law to an amount calculated on a per package, customary freight unit or other basis.

7. Any loss or damage to the cargoes as alleged in the Cross-Claim arose without Safmarine's actual fault or privity and without fault or negligence of its agents or servants or anyone for whom it is responsible, and therefore, Safmarine cannot have any liability for such loss or damage.

8. Safmarine reserves the right to assert and rely upon such other and further defenses, under any and all applicable law(s), as may be supported by the facts to be determined through full and complete discovery.

W H E R E F O R E , Defendant Safmarine respectfully requests that the Cross-Claim be dismissed with prejudice and Safmarine be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action, and that Safmarine be granted such other and different relief as the Court may deem just and proper.

Dated: New York, New York
May 15, 2008

                              Respectfully submitted,

                              /s/Gina M. Venezia
                              Gina M. Venezia
                              FREEHILL HOGAN & MAHAR, LLP
                              80 Pine Street
                              New York, New York 10005
                              (212) 425-1900
                              *Attorneys for Defendant Safmarine*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF:**

| | |
|---|---|
| Harold Kingsley | Stephen H Vengrow |
| Kingsley Kingsley & Calkins | Cichanowicz, Callan, Keane, Vengrow & Textor |
| 91 West Cherry Street | 61 Broadway, Suite 3000 |
| Hicksville, NY 11801 | New York, NY 10006 |
| hmk@kingsleyandkingsley.com | svengrow@cckvt.com |
| Attorneys for Plaintiffs | Attorneys for Co-Defendant |

                              /s/ Gina M. Venezia

                              Gina M. Venezia