192-08/GMV
FREEHILL HOGAN & MAHAR, LLP
80 Pine St.
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
Gina M. Venezia (GV1551)
*Attorneys for Defendant Safmarine*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL INSURANCE COMPANY and
MARAN, INC.

    Plaintiffs

- versus -

M/V MSC CHINA, her engines, boilers,
tackle, etc., POWER LINK LOGISTICS INC.,
SAFMARINE CONTAINER LINES N.V.

    Defendants.

08-cv-01806 (SHS)

# DEFENDANT SAFMARINE'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

NYDOCS1/303996.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

SUMMARY OF FACTS ....................................................................................................... 1

LEGAL DISCUSSION .......................................................................................................... 4

The Claims Against Safmarine Should Be Dismissed Based on the
Forum Selection Clause in the Governing Waybill ............................................................. 4

    A.    The Supreme Court Has Held That Forum Selection
           Clauses are Presumptively Valid. ........................................................................ 4

    B.    The Safmarine Forum Selection Clause is Mandatory and
           Presumptively Valid, and is Entitled to Enforcement ........................................ 7

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Abrar Surgery (PVT) Ltd. v. M.V. Jolly Oro*, No. 97-8865,
    2000 AMC 109 (S.D.N.Y. May 11, 1999) ................................................................. 6

*Am. Home Ass. Co. v. M/V Jaami*, No. 06-287 (LBS),
    2007 AMC 1461 (S.D.N.Y. April 4, 2007) ............................................................... 6

*Anchor Seafood, Inc. v. CMA-CGM (Caribbean), Inc.*, No. 05-23097-civ,
    2006 AMC 1415 (S.D. Fla. May 4, 2005) ................................................................ 6

*Asoma Corp. v. M/V Southgate*, No. 98-7407 (CSH),
    2000 AMC 399 (S.D.N.Y. Dec. 7, 1999) ............................................................. 1, 6

*Carnival Cruise Lines, Inc., v. Shute*, 499 U.S. 585 (1991) ............................................... 7

*CBJ, Inc. v. M/V Hanjin Hong Kong*, No. 99-4925,
    2000 U.S. Dist. Lexis 20288 (D.N.J. Sept. 22, 2000) .............................................. 1

*Efron v. Sun Line Cruises, Inc.*, 67 F.3d 7 (2d Cir. 2005) ................................................. 7

*Fed. Ins. Co. v. M/V Bonn Express*, No. 01-8908(LAK),
    2002 U.S. Dist. LEXIS 10043 (S.D.N.Y. June 3, 2002) ........................................... 8

*Fireman's Fund Ins. Co. v. Cho Yang Shipping Co.*, 131 F.3d 1336 (9th Cir. 1997) ........ 8

*Glyphics Media, Inc. v. M/V Conti Singapore*, No. 02-4398(NRB),
    2003 AMC 667 (S.D.N.Y. Mar. 20, 2003) ........................................................... 6, 8

*Home Asss. Co. v. M/V Hanjin Marseilles*, No. 03-9539 (GBD),
    2004 U.S. Dist. LEXIS 9705 (S.D.N.Y. June 1, 2004) ............................................ 7

*Hyundai Corp v. M/V An Long Jiang*, No. 97-3855,
    1998 AMC 854 (S.D.N.Y. Jan. 15, 1998) ................................................................ 6

*Int'l Marine Underwriters v. M/V Kasif Kalkavan*, 989 F. Supp. 498 (S.D.N.Y. 1998) ..... 6

*J.B. Harris Inc. v. Razei Bar Ind. Ltd.*, 37 F. Supp.2d 186 (E.D.N.Y. 1998) ..................... 1

*Jockey Int'l, Inc. v. M/V Leverkusen Express*, 217 F. Supp. 2d 447 (S.D.N.Y. 2002) .... 1, 6

*LPR-SRL v. Challenger Overseas, LLC*, 2000 AMC 2887 (S.D.N.Y. 2000) ...................... 7

*M/S Bremen v. Zapata Off-Shore*, 407 U.S. 1 (1972)................................................................4-5

*New Moon Ship. Co. v. Man B&W Diesel AG*, 121 F.3d 24 (2d Cir. 1997) ..................................1

*New York Marine & Gen'l Ins. Co. v. M/V Admiralengracht*,
    1999 AMC 1647 (S.D.N.Y. 1999)..........................................................................................1

*Reed & Barton Corp. v. M/V Tokyo Express*, 1999 AMC 1088 (S.D.N.Y. 1999) ..........................7

*Regal-Beloit Corp. v. Kawasaki Kisen Kaisha, Ltd.*,
    462 F. Supp.2d 1098 (C.D.Cal. 2006) ....................................................................................1

*Robalen, Inc. v. Generale de Banque, S.A.*, No. 97-6181 (MM),
    1998 AMC 1879 (S.D.N.Y. March 27, 1998) ........................................................................8

*Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993) ................................................................8

*Stemcor USA v. Hyundai Merchant Marine Co.*, No. 99-9162,
    2005 AMC 705 (S.D.N.Y. Jan. 12, 2005) ..............................................................................6

*Street, Sound Around Elecs., Inc. v. M/V Royal Container*,
    30 F. Supp.2d 661 (S.D.N.Y. 1999) .......................................................................................7

*Thyssen, Inc. v. M/V Markos N*, No. 97-6181 (MM),
    1999 AMC 2515 (Aug. 16, 1999)...........................................................................................7

*TMC Co., Ltd. v. M/V Mosel Bridge*, No. 01-7860 (LAK),
    2002 AMC 2355 (S.D.N.Y. Aug. 15, 2002)...........................................................................6

*Vimar Seguros Y Reaseguros v. M/V Sky Reefer*, 515 U.S. 528 (1995) .........................................5

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed.R.Civ.Proc. 12(b)(3) .................................................................................................................1

Fed.R.Civ.Proc. 12(c) .....................................................................................................................1

## PRELIMINARY STATEMENT

Defendant Safmarine Container Lines N.V. (hereinafter "Safmarine") submits this memorandum in support of its motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(3) or 12(c),[1] in accordance with the mandatory forum selection clause contained in the non-negotiable sea waybill governing the carriage of the cargo that is the subject of this dispute.[2]

## SUMMARY OF FACTS

The facts relevant to the Court's determination of this motion are simple and not in dispute. This case involves a garden-variety maritime cargo claim in which Plaintiffs seek damages for the alleged loss of their containerized cargo of garments.

The subject container was transported on a port-to-port basis on board the M/V MSC CHINA, from Durban, South Africa, to Newark, New Jersey, pursuant to the terms, conditions, and exceptions of Safmarine's Non-Negotiable Waybill no. 750336194 (the "Waybill"). The

---

[1] The Second Circuit has recognized that there is no consensus in the federal courts concerning the proper mechanism to request dismissal of a suit based upon a forum selection clause. *See New Moon Ship. Co. v. Man B&W Diesel AG*, 121 F.3d 24, 28-29 (2d Cir. 1997). Courts within this circuit have variously considered such motions under Rules 12(b)(1) [lack of subject matter jurisdiction], 12(b)(3) [lack of venue] and 12(b)(6) [failure to state a claim]"). *See Jockey Int'l, Inc. v. M/V Leverkusen Express*, 217 F. Supp. 2d 447, 450 (S.D.N.Y. 2002); *J.B. Harris Inc. v. Razei Bar Ind. Ltd.*, 37 F. Supp.2d 186, 188 (E.D.N.Y. 1998); *see also Regal-Beloit Corp. v. Kawasaki Kisen Kaisha, Ltd.*, 462 F. Supp.2d 1098, 1101 (C.D.Cal. 2006). Courts have also frequently utilized Rule 12(c) [judgment on the pleadings] in this type of bill of lading/forum selection clause case, "on the theory that the bill of lading is incorporated by the complaint." *CBJ, Inc. v. M/V Hanjin Hong Kong*, No. 99-4925, 2000 U.S. Dist. Lexis 20288 (D.N.J. Sept. 22, 2000) (citing *Asoma Corp. v. M/V Southgate*, 2000 AMC 399 (S.D.N.Y. 1999); *New York Marine & Gen'l Ins. Co. v. M/V Admiralengracht*, 1999 AMC 1647 (S.D.N.Y. 1999)). Under any provision of Rule 12, Safmarine is entitled to dismissal based on the mandatory forum selection clause.

[2] Safmarine maintains that all claims and cross-claims asserted against it in this litigation should be dismissed based on the forum selection clause, but if the forum selection clause is not enforced and the claims against Safmarine not dismissed in accordance with that clause, Safmarine maintains that dismissal is warranted in any event based on the doctrine of *forum non conveniens*. To this extent only, Safmarine adopts and incorporates the arguments advanced by Defendant Power Link in its motion to dismiss.

container was transported on "shipper's load, stow, weight and count" terms. This means that the container (container no. TEXU 4748216) was loaded/"stuffed" with the garments and sealed by the shipper or its agents in South Africa,[3] and then delivered to the South African Ports Operation ("SAPO") terminal where it sat before being loaded onto the vessel. The container was loaded onboard the MSC CHINA, discharged at the Port of Newark, and gated-out of the terminal at Newark for delivery to the consignee. It is alleged that when the container arrived at the consignee's warehouse, its warehouse supervisor cut the container seal, opened the container, and discovered that the container was empty. (*See* Bender Decl. ¶6).

Thereafter, on February 19, 2008, Plaintiffs Federal Insurance Company and Maran, Inc. filed suit against Safmarine and Defendant Power Link Logistics ("Power Link") seeking damages for the alleged lost cargo. (*See* Verified Complaint, ECF No. 1). Plaintiffs allege that they are the owners or duly authorized representatives of the owners of the subject cargo which is "more particularly described in "Schedule A" to Plaintiffs' complaint and "for which bills of lading were issued." (*Id.* ¶2). Schedule A to Plaintiffs' complaint describes the cargo as being carried on the M/V MSC CHINA from Durban to New York and lists the bill of lading issued for the cargo as number 750336194. (*Id.* at Schedule A). Plaintiffs allege that the defendants are liable for the loss of the cargo as "vessel owners, ... common carriers by water and by land", etc. (*Id.* ¶3). Defendant Power Link has also filed a cross-claim against Safmarine for indemnity or contribution. (ECF No. 6).

A copy of the front side and terms and conditions of the Waybill which was issued by Safmarine for the subject carriage and which is referred to in Plaintiffs' complaint are attached as

---

[3] The fact that the shipper stuffed and sealed the container is reflected in the Waybill, which states that the shipment was subject to "shipper's load, stow, weight and count" terms and that the container was only "said to contain" the woven garments. (Bender Decl. Ex. A).

NYDOCS1/303996.1                           2

Exhibits A and B to the Declaration of William J. Bender, Senior Claims Specialist for Safmarine (hereinafter "Bender Decl."). The front side of the Waybill provides:

> This non-negotiable Waybill, which is issued instead of a Bill of Lading at the Merchant's request, is not a document of title to the Goods.... In accepting this Waybill, and/or taking delivery of the Goods and notwithstanding the non-signing of this Waybill by the Merchant, the Merchant expressly accepts and agrees to all terms, conditions and exceptions of the Carrier's non-negotiable Waybill, (printed or not on the reverse of this document at Merchant's option and available from the Carrier or its agents and at Carrier's website indicated in the signature box below), as well as those printed, stamped or otherwise incorporated in this Waybill.

The Safmarine standard terms, conditions and exceptions were automatically printed on the reverse side of the Waybill and were also accessible to the public at the relevant time and are currently accessible on the Safmarine website at www.safmarine.com). Those terms and conditions provide the following relevant clauses:

### Clause 1. Definitions

*Transport Document"* or *"TD"* means this document, which evidences the contract of carriage governing the Carriage and which can either be a bill of lading or a non-negotiable waybill as determined on the reverse hereof.

\*    \*    \*    \*

*"Carrier"* means Safmarine Container Lines n.v., De Gerlachekaai 20, 2000 Antwerp, Belgium, BTW BE 0421.619.408 RPR Antwerp and VGVC n° 0326.001.

\*    \*    \*    \*

*"Merchant"* includes the Shipper, Holder, Consignee, Receiver of the Goods, any Person owning or entitled to the possession of the Goods or of this Bill of Lading (when the TD is a Bill of Lading) and anyone acting on behalf of such Person.

\*    \*    \*    \*

*"Multimodal Transport"* arises if the Place of Receipt and/or the Place of Delivery are indicated on the reverse hereof in the relevant boxes.

\*    \*    \*    \*

*"Port-to-Port"* arises if the Carriage is not Multimodal Transport.

\*    \*    \*    \*

*"Terms and Conditions"* means all terms, rights, defences, provisions, conditions, exceptions, limitations and liberties of this TD.

> **Clause 26. Law and Jurisdiction**
>
> **Any claim or dispute** arising under this TD [Transport Document], including third party proceedings or those involving several defendants, **shall exclusively be governed by the law and exclusively be determined by the courts of the place where the Carrier has his registered office (to the exclusion of the jurisdiction of the courts of any other place)** or, at the Carrier's option if the defendant is not the Carrier, by the courts and according to the law of that place where the defendant has his registered office, but only to the extent that anything else has not been dealt with by the provisions of this TD.

(Emphasis added).

As explained herein, the Antwerp, Belgium, forum selection clause in the Waybill is mandatory and is entitled to enforcement. This action and any claims asserted against Safmarine (including the claims of Plaintiffs and those of Power Link) must therefore be dismissed.

## LEGAL DISCUSSION

### THE CLAIMS AGAINST SAFMARINE SHOULD BE DISMISSED BASED ON THE FORUM SELECTION CLAUSE IN THE GOVERNING WAYBILL.

*A.    The Supreme Court Has Held That Forum Selection Clauses are Presumptively Valid.*

Mandatory and exclusive foreign forum selection clauses are presumptively valid and must be enforced absent a clear showing that they are unreasonable or unjust. *M/S Bremen v. Zapata Off-Shore*, 407 U.S. 1 (1972). In *Bremen*, the Supreme Court held that forum selection clauses are not repugnant to federal law and should be enforced by federal courts sitting in admiralty unless enforcement is shown by the resisting party to be unreasonable under the circumstances. The Supreme Court found that unreasonableness exists *only* when: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape the enforcement will, for all practical purposes, be deprived of his day in court because of the grave inconvenience or unfairness of the selected

forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Id.* at 12-16. The Supreme Court concluded that "in the light of present-day commercial realities and expanding international trade", a forum selection clause controls absent a strong showing that it should be set aside for one of the aforementioned enumerated reasons. *Id.* at 15.

The Supreme Court re-affirmed its view about the validity of forum selection clauses in *Vimar Seguros Y Reaseguros v. M/V Sky Reefer*, 515 U.S. 528 (1995), in which the Court held that a Tokyo arbitration clause in an ocean bill of lading was valid. The Court determined that to avoid application of such a clause, the party seeking avoidance must establish that the foreign tribunal's substantive law "will reduce the carrier's obligations to the cargo owner below what COGSA guarantees." *Id.* at 539. Yet, the Court rejected the plaintiff's argument that the increased costs of enforcing the carrier's liability in the selected forum was the equivalent of an impermissible lessening of the carrier's liability, violating COGSA. In doing so, the Court made clear that the historical reluctance to enforcing forum selection clause should give way in light of modern commercial realities. The Court stated:

> Petitioner's skepticism over the ability of foreign arbitrators to apply COGSA or the Hague Rules, and its reliance on this aspect of *Indussa Corp. v. S/S Ranborg*, 377 F.2d 200 (Ca. 2 1967), must give way to contemporary principles of international comity and commercial practice. As the Court observed in the *Breman*, ..., the historical judicial resistance to foreign forum selection clauses "has little place in an era when ... businesses once essentially local now operate in world markets." "The expansion of American business and industry will hardly be encouraged", we explained "if notwithstanding solemn contracts, we insist on a parochial concept that all disputes must be resolved under laws and in our courts.

*Id.* at 537-38.

In the wake of the Supreme Court's decisions in *Bremen* and *Sky Reefer*, the courts in the Second Circuit and elsewhere have consistently held that forum selection clauses in bills of lading or waybills are presumptively valid. Some examples include the following:

- *Am. Home Ass. Co. v. M/V Jaami*, No. 06-287 (LBS), 2007 AMC 1461 (S.D.N.Y. April 4, 2007): enforcing a Germany forum selection clause in a Hapag-Lloyd bill of lading and a Tokyo forum selection clause in a NYK bill of lading.

- *Anchor Seafood, Inc. v. CMA-CGM (Caribbean), Inc.*, No. 05-23097-civ, 2006 AMC 1415 (S.D. Fla. May 4, 2005): upholding Marseille forum selection clause in bill of lading in suit by consignee against bill of lading issuer.

- *Stemcor USA v. Hyundai Merchant Marine Co.*, No. 99-9162, 2005 AMC 705 (S.D.N.Y. Jan. 12, 2005): upholding a Korean forum selection clause in bill of lading.

- *Glyphics Media, Inc. v. M/V Conti Singapore*, No. 02-4398(NRB), 2003 AMC 667 (S.D.N.Y. Mar. 20, 2003): enforcing an Indian forum selection clause in carrier's bill of lading.

- *TMC Co., Ltd. v. M/V Mosel Bridge*, No. 01-7860 (LAK), 2002 AMC 2355 (S.D.N.Y. Aug. 15, 2002): enforcing Japanese forum selection clause in waybill.

- *Jockey Int'l, Inc. v. M/V Leverkusen Express*, 217 F. Supp. 2d 447 (S.D.N.Y. 2002) enforcing German forum selection clause in an electronic version of a waybill.

- *Asoma Corp. v. M/V Southgate*, No. 98-7407 (CSH), 2000 AMC 399 (S.D.N.Y. Dec. 7, 1999): enforcing Korean forum selection clause in bill of lading.

- *Abrar Surgery (PVT) Ltd. v. M.V. Jolly Oro*, No. 97-8865, 2000 AMC 109 (S.D.N.Y. May 11, 1999): dismissing COGSA-governed claim in favor of Croatian forum.

- *Int'l Marine Underwriters v. M/V Kasif Kalkavan*, 989 F. Supp. 498 (S.D.N.Y. 1998): enforcing a Korean forum selection clause in a bill of lading.

- *Hyundai Corp v. M/V An Long Jiang*, No. 97-3855, 1998 AMC 854 (S.D.N.Y. Jan. 15, 1998): rejecting argument that forum selection clause in bill of lading should not be enforced because Korean substantive law would be more favorable to carrier than COGSA.

These courts recognize that a forum selection clause is presumptively valid, and that a party seeking to avoid enforcement of such a clause bears the heavy burden of establishing that enforcement would be unreasonable as defined by the Supreme Court. *See also Carnival Cruise Lines, Inc., v. Shute,* 499 U.S. 585, 593 (1991) (enforcing forum selection clause in a passenger ticket contract); *Efron v. Sun Line Cruises, Inc.,* 67 F.3d 7 (2d Cir. 2005) (enforcing Greek forum selection clause in passenger suit).

### B.  *The Safmarine Forum Selection Clause is Mandatory and Presumptively Valid, and is Entitled to Enforcement.*

The forum selection clause in the Safmarine Waybill provides that jurisdiction "shall" be in the courts of Antwerp, Belgium, "to the exclusion of any other jurisdiction." (Emphasis added). This language creates a "mandatory and exclusive" forum selection clause, which must be enforced as such. *See M/V Jaami*, 2007 AMC at 1462 (the inclusion of the language "to the exclusion of the jurisdiction of the courts of any other place" clearly makes the clause mandatory and exclusive); *Home Asss. Co. v. M/V Hanjin Marseilles*, No. 03-9539 (GBD), 2004 U.S. Dist. LEXIS 9705, *12 (S.D.N.Y. June 1, 2004); *LPR-SRL v. Challenger Overseas, LLC*, 2000 AMC 2887, 2890 (S.D.N.Y. 2000); *Reed & Barton Corp. v. M/V Tokyo Express*, 1999 AMC 1088 (S.D.N.Y. 1999); *Street, Sound Around Elecs., Inc. v. M/V Royal Container*, 30 F. Supp.2d 661 (S.D.N.Y. 1999).

The Safmarine forum selection clause is also broad, referring to "any claim or dispute arising under" the Waybill, and thus encompasses all of Plaintiffs' and Power Link's claims regardless of how they have been labeled. It is well settled that a "broad" forum selection clause or arbitration clause governing all disputes arising under a bill of lading covers all claims connected to the carriage, even when claims are alleged to fall outside the contract on bailment or tort theories. *See Thyssen, Inc. v. M/V Markos N*, No. 97-6181 (MM), 1999 AMC 2515 (Aug.

16, 1999); *Robalen, Inc. v. Generale de Banque, S.A.*, No. 97-6181 (MM), 1998 AMC 1879 (S.D.N.Y. March 27, 1998); *see also Fireman's Fund Ins. Co. v. Cho Yang Shipping Co.*, 131 F.3d 1336 (9th Cir. 1997).

The burden is consequently on Plaintiffs and Power Link, who filed claims against Safmarine in a forum other than the one designated by the forum selection clause, to make a strong showing that one of the grounds of unreasonableness defined by the Supreme Court exists and overcomes the presumption of enforceability of the clause. *See Bremen,* 407 U.S. at 10); *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1363 (2d Cir. 1993) (citing *Carnival Cruise Lines,* 499 U.S. at 594-95); *Glyphics Media,* 2003 AMC at 672-79. Safmarine submits that neither Plaintiffs nor Power Link will be able to carry that burden.

There have been no allegations of fraud or overreaching with regard to the inclusion of the Belgium forum selection clause in the Safmarine Waybill. Indeed, Safmarine, on whose form the Waybill was issued, is a Belgium company, and choice of forum provisions are routinely held valid when one of the parties has a relationship with the chosen forum. *See, e.g., Carnival Cruise Lines,* 499 U.S. at 595. Plaintiffs and/or Power Link will similarly be unable to prove either grave inconvenience or unfairness of the Belgium forum. There is simply no legitimate basis upon which enforcement of the Safmarine Waybill forum selection clause should be refused. *See, e.g, Fed. Ins. Co. v. M/V Bonn Express*, No. 01-8908(LAK), 2002 U.S. Dist. LEXIS 10043 (S.D.N.Y. June 3, 2002) (dismissing case in favor of Antwerp forum selection clause in bill of lading, the enforceability of which was not disputed).

## **CONCLUSION**

For the above reasons, Safmarine is entitled to dismissal of all claims asserted against it in this action by Plaintiffs and Defendant Power Link.

DATED:   New York, New York
         May 16, 2008

                              Respectfully submitted,

                              /s/ Gina M. Venezia
                              Gina M. Venezia
                              FREEHILL HOGAN & MAHAR, LLP
                              80 Pine Street
                              New York, New York 10005
                              (212) 425-1900
                              *Attorneys for Defendant Safmarine*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF:**

| | |
|---|---|
| Harold Kingsley | Stephen H Vengrow |
| Kingsley Kingsley & Calkins | Cichanowicz, Callan, Keane, Vengrow & Textor |
| 91 West Cherry Street | 61 Broadway, Suite 3000 |
| Hicksville, NY 11801 | New York, NY 10006 |
| hmk@kingsleyandkingsley.com | svengrow@cckvt.com |
| Attorneys for Plaintiffs | Attorneys for Co-Defendant |

                                                      /s/ Gina M. Venezia
                                                      Gina M. Venezia