Our File No.: 9109/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Power Link Logistics
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL INSURANCE COMPANY and
MARAN, INC.

       Plaintiff,

          -against-

M/V MSC CHINA her engines, boilers,
tackle, etc. POWER LINK LOGISTICS INC.
SAFMARINE CONTAINER LINES N.V.

       Defendants.

**08cv1806 (SHS)(HP)**

**MEMORANDUM OF LAW IN**
**SUPPORT OF POWER LINK**
**LOGISTICS' MOTION FOR**
**SUMMARY JUDGMENT**
**DISMISSING THE**
**COMPLAINT ON THE BASIS**
**OF *FORUM NON***
***CONVIENENS***

**STATEMENT OF FACTS**

       For an accurate statement of the pertinent facts established in this matter, the
Court is respectfully referred to the attached Declarations of Kevin Martin with Exhibits
A-C, Lan Hoang with Exhibits D-G and Stephen Vengrow with Exhibits H-J.

**ARGUMENT**

**PLAINTIFF'S CLAIMS SHOULD BE DISMISSED**
**ON FORUM NON CONVENIENS GROUNDS**

       The seminal case in the Second Circuit on *forum non convienens* is Iragorri v.
United Technologies Corp. 243 F.3d 678 (2d Cir.2001), *rehearing en banc*, 274 F.3d 65
(2d Cir 2001).  Iragorri reiterates that in deciding a *forum non convienens* motion, the
Court engages in a multi-step analysis. Initially, a Court is required to look at the

plaintiff's choice of forum.  Next, a Court must determine if an adequate alternative forum exists and if so, apply the private and public interest factors as set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-9 (1947).  Iragorri focus' primarily on what degree of deference is to be given to the plaintiff's choice of forum.  Iragorri 243 F.3d 678 (2d Cir.2001), *rehearing en banc*, 274 F.3d at 70 (2d Cir 2001).

A *forum non convienens* analysis is fact specific and left within the court's discretion to determine if the chosen forum is inappropriate.  DiRenzo v. Philip Services Corp., 232 F.3d 49,57 (2d Cir. 2000), *petition for rehearing granted,* 294 F.3d 21, 27 (2d Cir. 2002).  In this regard, "it is in the field of admiralty that our federal courts have applied the doctrine of *forum non convienens* most flexibly and over the longest period of time." Alcoa S.S. Co. v M/V Nordic Regent, 654 F2d 147, 153 (2d Cir.), cert. denied, 449 U.S. 890, 101 S.Ct. 248, 66L. Ed. 116 (1980).

In the case at bar, both the facts giving rise to the alleged maritime cargo loss and mandatory enforceable forum selection clauses in the underlying contracts of carriage dictate that the Southern District of New York is not the appropriate forum for resolution of this matter.

## POINT I
### PLAINTIFF'S CHOICE OF FORUM IS DIMINISHED BECAUSE THERE IS NO CONNECTION BETWEEN THE FACTS GIVING RISE TO THE ALLEGED LOSS AND THE CHOSEN FORUM

Initially, a Court must determine the degree of deference to be accorded the plaintiff's choice of forum.  Henderson v. Metropolitan Bank & Trust Co., 470 F.Supp.2d 294 (S.D.N.Y. 2006).  The greater the deference, the stronger the showing of inconvenience required for dismissal.  *Id.* at 302.  While the court, in ruling upon a motion to dismiss on *forum non convienens* grounds, should defer to plaintiff's choice of

forum, such deference is not dispositive and may be overcome. Iragorri 243 F.3d 678 (2d Cir.2001), *rehearing en banc*, 274 F.3d 65, 71 (2d Cir 2001).  "Dismissal on *forum non convienens* grounds should not be barred automatically whenever plaintiff has filed suit in his or her home forum; rather, if balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for defendant or court, then dismissal is proper." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 n. 23, (1981).  In order to overcome the plaintiff's choice of forum and gain dismissal for *forum non convienens*, defendant must show that the lawsuit does not have a bona fide connection to the United States and to plaintiffs' chosen forum. Iragorri 243 F.3d 678 (2d Cir.2001), *rehearing en banc*, 274 F.3d 65, 72 (2d Cir 2001).  To show this, the factors to be examined include, "the convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense." Id.

In this case, the convenience to the plaintiff's residence in relation to the chosen forum is the only factor that is arguably in plaintiff's favor.  "(W)hile plaintiff's citizenship and residence can serve as a proxy for, or indication of, convenience, neither the plaintiff's citizenship nor residence, nor the degree of deference given to her choice of forum, necessarily controls the outcome. Id at 74 *citing* Alcoa S.S. Co., Inc.  654 F.2d at 152, 154 (2d Cir.1980) (*en banc* ) (observing that "American citizenship alone is not a barrier to dismissal on the ground of *forum non convienens*") (summarizing the trend as "away from according a talismanic significance to the citizenship or residence of the parties"). There is no "rigid rule of decision protecting U.S. citizen or resident plaintiffs

from dismissal for *forum non convienens*." <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 226 F.3d 88, 102 (2d Cir.2000)." According to the Division of Corporations websites for both Delaware and New York, plaintiff, Maran, Inc. is a Delaware company that is authorized to do business as a foreign corporation in New York. (**Vengrow Declaration, Exh. J**) In addition, the cargo in question was to be delivered at the discharge Port of Newark. (**Hoang Declaration, Exh. E**) The aforementioned two facts are the only facts that allow plaintiff to file suit in the Southern District of New York. These facts are insignificant related to the cause of the alleged loss as described in the Declaration of Kevin Martin and Exhibits A-C attached thereto and thus, does not support strong deference to plaintiff's choice of forum.

As the preliminary investigation reveals, all of the witnesses [including necessary third parties (Ka lethabo Trading 88c, South African Port Authority, Durban Container Terminal, ZA Trans) over whom this Honorable Court does not have jurisdiction] and evidence related to the alleged loss are located outside the forum district and outside the United States, in South Africa. (See **Martin Declaration and Exh. A-C**)

In this case, South Africa is the proper forum to obtain appropriate legal assistance since it is likely that the alleged loss took place at the African port prior to loading aboard the vessel and thus African law applies. (**Martin Declaration and Exh. A-C** "*The seal no' that arrived in America 2149427 was not the same one that entered the stacks in Durban. The seal no' that entered the stacks in Durban was MLZA0947843 and that was the same as my instructions given to me*.")(*See also*, <u>Brink's Ltd. v. South African Airways</u>, 93 F.3d 1022,1032 where injury of theft was felt in the United States, South Africa has greater interest than New York in the alleged willful misconduct or

gross negligence of South African Airways, a government instrumentality, and the South African police).

As a result of the foregoing, if plaintiff were allowed to proceed in the S.D.N.Y. the Court would be required to apply South African law to evidence which can only be found in South Africa . Such an undertaking would clearly be unnecessarily burdensome for all parties and the court, thus dismissal is proper.

### POINT II
### SOUTH AFRICA IS AN
### ADEQUATE ALTERNATIVE FORUM

Next, the Court determines whether an adequate alternative forum exists. Henderson 470 F.Supp.2d at 303 (S.D.N.Y. 2006).   This requirement is ordinarily satisfied when the defendant is amenable to process in the other jurisdiction. Id.   In this case, Power Link is amenable to process in South Africa.

Although this requirement can be defeated in the "rare" case where the remedy offered by the alternative forum is "clearly unsatisfactory," the fact that the substantive law of the alternative forum is less favorable to the party opposing the forum motion than U.S. law does not make the alternative forum inadequate.  Id.  The difference in remedy between forums should not even be considered unless the remedy in the alternative forum is so inadequate or unsatisfactory that it is no remedy at all.  Damigos v. Flanders Cia. Nav., S.A. – Panaman, 716 F.Supp. 104, 109 (S.D.N.Y. 1989).  Procedural differences between forums do not bar a *forum non conviens* dismissal in the absence of a complete denial of due process.  Broadcasting Rights Int'l Corp. v. Societe du Tour de France, 708 F.Supp. 83, 85 (S.D.N.Y. 1989).

An alternative forum has been ruled inadequate "where the alternative forum does not permit litigation of the subject matter of the dispute," (Piper Aircraft 454 U.S. at 257) and where "a statute of limitations bars the bringing of a case in a foreign forum that would be timely in the United States." (Norex Petroleum, 416 F.3d at 159)  This is not the case here.

In this case, the plaintiff purchased the subject cargo from the African factory (Global Garments Company), the shipment was booked by the African shipper (Global Garments Company) through a third party African logistics provider (ZA Trans) with the defendant ocean carrier, Safmarine, in Africa.   (**Hoang Declaration, para. 9-11**) Furthermore, the plaintiff routinely ships cargo from South Africa. (**Hoang Declaration, para. 12**).  As such, plaintiff could have reasonably anticipated that it would be before the Courts of South Africa.

In addition, the subject container was delivered to the plaintiff on or about July 9, 2007, less than one year ago.   The Terms and Conditions of the Power Link Bill of Lading and the Carriage of Goods by Sea Act allows for the filing of a lawsuit within one (1) year thus this matter is not yet time-barred.   (**Hoang Declaration, Exh. D Cl. 2 and 20(b)**))

Finally, there has been no showing that the plaintiff filed this matter in New York because South Africa does not permit litigation of the subject matter of the dispute. There is no reason to consider that this action would be barred under African law.

It should be noted that Judge Scheindlin recently found that South Africa was an adequate alternative forum, dismissing an action from the Southern District of New York

in favor of the South African forum on the grounds of *forum non convienens*. <u>Omollo v.</u>
<u>Citibank,</u> N.A. Slip Copy, 2008 WL 1966721 (S.D.N.Y. 2008).

Not only is South Africa an adequate alternate forum, all of the factual
circumstances giving rise to this action tilt in favor of South Africa as the appropriate
forum to resolve this maritime cargo claim.

**POINT III**
**THE PUBLIC AND PRIVATE INTEREST FACTORS**
**WEIGH IN FAVOR OF DISMISSING THIS MATTER**
**ON THE BASIS OF *FORUM NON CONVIENENS***

Assuming there is an adequate alternative forum, the Court must now balance the
private and public interest factors.  <u>Metropolitan Bank</u>, 470 F.Supp.2d at 303 – 04.

**A.  Private Factors**

Practically speaking, all of the private interest factors weigh in favor of dismissal
of this matter in favor of the South African forum.

> The private interests that courts must consider relate to the relative
> convenience to the litigants of the alternative forum.  These factors
> include: "the relative ease of access to sources of proof; availability of
> compulsory process for attendance of unwilling [witnesses], and the cost
> of obtaining attendance of willing[ ] witnesses ... and all other practical
> problems that make trial of a case easy, expeditious and inexpensive." In
> undertaking this analysis, courts should examine the specifics of the
> claims: "[r]ather than simply characterizing the case as one in negligence,
> contract, or some other area of law, the court should focus on the precise
> issues that are likely to be actually tried."  However, courts need not
> undertake to identify all "the rights, remedies, and procedures available
> under the law that would be applied in each forum." *(Footnotes omitted).*
> <u>Henderson</u> 470 F.Supp.2d at 303-4, (S.D.N.Y. 2006).

As outlined in Points I and II above and supported by the Martin and Hoang
Declarations, all contracting, booking and handling of the subject shipment took place in
South Africa between South African parties, specifically, Global Garments Company, ZA
Trans, Ka lethabo Trading 88c, South African Port Authority, Durban Container

Terminal.  In order to determine where the loss actually occurred and who is ultimately responsible for any loss, the aforementioned parties located in South Africa must be interviewed and possibly deposed.  In addition, the policies, procedures and documents of the parties identified must be examined.  In this regard, said parties are not subject to the jurisdiction of this Honorable Court.  As a result, it is clear that access to sources of proof that would be available in South Africa are unavailable in the Southern District of New York

**B.  Public Factors**

Likewise, public factors all weigh in favor of dismissal of this matter in favor of the South African forum.

> "Public interest factors include: court congestion; the interest of forums in having local disputes decided at home; and, the interest in having issues of law decided by courts of the nation whose law is involved."  *(Footnotes omitted)*. <u>Henderson</u>, 470 F.Supp.2d at 303-4, (S.D.N.Y. 2006).

As the preliminary investigation reveals and supported by the Martin Declaration, it appears that the alleged loss took place at the port in South Africa prior to loading aboard the vessel.  As such, one can assume that Durban will have an interest in the deciding how matters involving its ports are to be handled.  Furthermore, it can be assumed that Durban will have an interest in issues of criminality at its ports and within its jurisdiction decided under the laws of and by the Courts of  South Africa.

<u>**CONCLUSION**</u>

Power Link Logistics' Motion to Dismiss this matter on the basis of *forum non convienens* should be granted.

Dated:  New York, New York
        May 16, 2008

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
*Attorneys for Defendants*
*Power Link Logistics*

By:     S/ Stephen Vengrow
        Steven H. Vengrow (3479)