Our File No.: 9109/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Power Link Logistics
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY and MARAN, INC.<br><br>　　　　Plaintiff,<br>　　　　　　-against-<br><br>M/V MSC CHINA her engines, boilers, tackle, etc. POWER LINK LOGISTICS INC. SAFMARINE CONTAINER LINES N.V.<br><br>　　　　Defendants. | 08cv1806 (SHS)(HP)<br><br>**ATTORNEY DECLARATION IN SUPPORT OF DEFENDANT POWER LINK LOGISTICS' MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT ON THE BASIS OF** *FORUM NON CONVIENENS* |

　　　　I, Stephen H. Vengrow, hereby declare as follows:

1.　　I am a partner with the firm of Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, the counsel of record for defendant Power Link Logistics in this action.  Based upon my personal knowledge and my review of the file maintained in my office, I am familiar with the proceedings in this case.

2.　　Herewith attached are true copies of the following:

　　　　**Exhibit H**　　Plaintiff's Complaint;

　　　　**Exhibit I**　　Power Link Logistics Answer;

　　　　**Exhibit J**　　Downloads from the New York Division of Corporations and the Delaware Division of Corporations Websites

3.  Plaintiff seeks money damages for a loss of cargo which was to be moved pursuant to bills of lading 750336194/001 and others (**Exh. H, Schedule A**). The shipment involved inland pre-carriage via truck from Thetsane Industrial Area Maseru, Lesothoto to the port of loading, Durban, South Africa. **(Exh D to Hoang Decalration).** From there the cargo was to be loaded aboard the MSC CHINA N350 on or about June 9, 2007 and delivered at the port of Newark. (**Exh. E to Hoang Decalration**).

4.  The container and cargo which is the subject of plaintiff's complaint arrived at the load port, Durban, South Africa on June 5, 2007 with seal no. MLZA0947843/9 intact. (**Exh.'s A & B to Martin Declaration**) Said seal was known to be the seal that was placed on the container by the shipper in Lesothoto. Id. The verified sealed container was escorted to the security gate and entered the stacks at the port for loading aboard the vessel. Id. On June 7, 2007, the South African Port Authority website did not identify a seal on the subject container. (**Exh.'s A & C to Martin Declaration**) On June 8, 2007 the South African Port Authority website identified a different seal, no. 2149427, on the subject container. Id. The new seal was registered upon inspection during loading onto the vessel. (**Exh. A to Martin Declaration**)

5.  Thus all of the known events, witnesses and proof material to the dispute concerning the alleged loss are located in South Africa and bare no relevance to the Southern District of New York.

6.  Power Link Logistics does not maintain an office, bank accounts or any employees in the Southern District of New York; its only office is located in Carson, California. (**Hoang Decalration, para. 3** ; see also plaintiff's admission **Exh. D, Complaint, para. 9**)

7.  The Lesothoto's (Global Garments Company) shipper arranged for the ocean transit of the subject cargo with ZA Trans (a logistics provider) in South Africa. (**Hoang Decalration, para. 9**)

8.  ZA Trans booked the subject shipment with Safmarine in South Africa. (**Hoang Declaration, para. 10**)

9.  As agent for ZA Trans, Power Link Logistics issued a freight invoice and a Safmarine arrival notice. Power Link Logistics was paid a $25.00 handling fee for the subject shipment. (**Hoang Declaration, para.7,8,10** )

10. Power Link Logistics asserts that liability, if any, which is denied, for the alleged loss would be merely passive. Further, Power Link Logistics believes that a claim for the alleged loss should be charged against the parties performing the actual transit, more specifically, that third party located in Durban, South Africa which had custody of the container when a seal change was noted. (**Exh. I to Vengrow Declaration**)

11. Plaintiff is a Delaware Corporation licensed to do business as a foreign corporation in New York. (**Exh. J to Vengrow Declaration**)

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 16, 2008

                                 CICHANOWICZ, CALLAN, KEANE,
                                 VENGROW & TEXTOR, LLP
                                 61 Broadway, Suite 3000
                                 New York, New York 10006
                                 *Attorneys for Defendants*
                                 *Power Link Logistics*

                                 By:    <u>S/ Stephen Vengrow</u>
                                                Steven H. Vengrow (3479)

# EXHIBIT H

# POWER LINK LOGISTICS' MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT ON THE BASIS OF *FORUM NON CONVIENENS*

HMK/mjg CH 7976

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY and
MARAN, INC.

                              Plaintiffs,                    08 CV 1806 (SHS)(HP)
                                                                            ECF CASE

    -against-

M/V MSC CHINA her engines, boilers, tackle, etc.      VERIFIED
POWER LINK LOGISTICS INC.                                 COMPLAINT
SAFMARINE CONTAINER LINES N.V.                 WITH PRAYER
                                                                            FOR MARITIME
                                                                           ATTACHMENT
                              Defendants.
------------------------------------------------------------------X

        Plaintiffs through their attorney KINGSLEY, KINGSLEY & CALKINS allege for their complaint herein:

        1.      This is a claim under the Court's Admiralty and Maritime jurisdiction with respect to the carriage of goods by water, and under the Federal question jurisdiction under the Interstate Commerce Act, and Court's diversity and pendent jurisdiction with respect to the remaining aspects of the claim.

        2.      Plaintiffs are the owners or duly authorized representatives of the owners or underwriters or subrogated underwriters of cargo shipped on board the captioned vessel which is more particularly described in Schedule A hereto, and for which bills of lading were issued.

        3.      Defendants were vessel owners, suppliers, sellers, shippers, inspectors, managers, operators, charterers, freight forwarders, stevedores, terminal operators, common carriers by water and by land, bailees for hire, insurers and sureties with respect to the cargo described in Schedule A hereto which was sold, shipped, inspected, carried, kept, discharged and delivered from the captioned vessel, inland conveyances, terminals and warehouses by defendants.

        4.      The cargo described in Schedule A was lost and damaged by defendants due to the fault, neglect, deviation, unseaworthiness, maritime tort, tortious interference with contract, breach of warranty, sinking, stranding, salvage expenses, general average and conversion of defendants, their agents and servants, and delivered by defendants in

non-conforming and contaminated condition, mis-delivered and non-delivered.

5. The vessel is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

6. Plaintiffs' sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

7. If this claim is subject to Arbitration then plaintiffs hereby demand such Arbitration and appoint Lucienne C. Bulow of New York City as arbitrator thereof.

8. Plaintiffs' damages are in excess of $100,000.00.

9. After diligent search the undersigned attorney is unable to locate any agents for service of process upon defendants in this district, but plaintiff believes there are properties, debts, credits, freights and bank accounts in this district which may be attached pursuant to Admiralty Rule B.

WHEREFORE, plaintiffs demand judgment in an amount exceeding $100,000.00 plus interest and costs, and pray the Court to issue its process against the aforesaid defendants and vessel, and to issue its process of maritime attachment against the property of defendants in this district pursuant to Admiralty Rule B.

Dated: February 19, 2008

                                        KINGSLEY, KINGSLEY & CALKINS
                                        Attorneys for Plaintiff

                                        BY:___/S/_____
                                             HAROLD M. KINGSLEY
                                           91 West Cherry Street
                                           Hicksville, New York 11801
                                           (516) 931-0064
                                           hmk@kingsleyandkingsley.com

SCHEDULE A

| | |
|---|---|
| OUR REF: | CH 7976 |
| VESSEL: | M/v MSC CHINA |
| PORTS: | Durban/New York |
| BILLS OF LADING: | 750336194/001 and others |
| DATED: | June 9, 2007 |
| DESCRIPTION OF CARGO: | Ladies Jeans |
| AMOUNT: | $100,000.00 |

VERIFICATION

Harold M. Kingsley, the undersigned, an attorney admitted to practice in the courts of the state of New York, state that I am the attorney of record for FEDERAL INSURANCE COMPANY, in the within action; I have read the foregoing Complaint and know the contents thereof; and I declare and affirm under penalties of perjury that the same is true to my knowledge based on documents in my file, on information and belief, and which I believe to be true.

The reason this Verification is made by the undersigned and not by an officer of FEDERAL INSURANCE COMPANY, is that there are no officers now present in Nassau County where affiant has his office.

Dated: February 19, 2008

/S/
HAROLD M. KINGSLEY

# EXHIBIT I

# POWER LINK LOGISTICS' MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT ON THE BASIS OF *FORUM NON CONVIENENS*

Our File No.: 9109/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys for Defendant Power Link Logistics*
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY and MARAN, INC.<br><br>                              Plaintiff,<br><br>-against-<br><br>M/V MSC CHINA her engines, boilers, tackle, etc. POWER LINK LOGISTICS INC. SAFMARINE CONTAINER LINES N.V.<br><br>                              Defendants. | 08cv1806 (SHS)(HP)<br><br>**POWER LINK**<br>**ANSWER**<br>**WITH CROSS CLAIM** |

Defendant Power Link Logistics, (hereinafter collectively referred to as "Power Link"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its Answer to the Complaint allege upon information and belief as follows:

### FIRST CAUSE OF ACTION

1. Power Link admits that this is an admiralty and maritime claim within the meaning of FRCP 9(h); except as so specifically admitted, defendant denies knowledge and information at this time to respond to the remaining allegations set forth in paragraph 1 of plaintiff's complaint.

2. Power Link denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph 2 of plaintiff's complaint.

3. Power Link admits it is a non-vessel operating common carrier (NVOCC) licensed to do business in the United States and maintains an office at 21112 Figueroa Street, Suite A, Carson, CA, 90745; except as so specifically admitted, defendant denies the remaining allegations set forth in paragraph 3 of plaintiff's complaint; further Power Link is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Power Link, those allegations are denied.

4. Power Link denies all of the allegations set forth in paragraph 4 of plaintiff's complaint; further Power Link is not required to respond to allegations set forth against other defendants, and to the extent that said allegations are construed to impose liability on Power Link, those allegations are denied.

5. Power Link denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph 5 of plaintiff's complaint.

6. Power Link denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph 6 of plaintiff's complaint.

7. Power Link is not required to respond paragraph 7 of plaintiff's complaint since there is no allegation set forth against it.

8. Power Link denies all of the allegations set forth in paragraph 8 of plaintiff's complaint.

9. Power Link is not required to respond paragraph 9 of plaintiff's complaint since there is no allegation set forth against it.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. That the said shipments as described in plaintiff's complaint are subject to all the terms, conditions and exceptions contained in certain bills of lading and Power Link's Terms of Service, by which the shippers and consignees of said bills of lading and terms of service agree to be and are bound.

11. Any shortage, loss and/or damage to the shipment in suit, which Power Link specifically denies, was due to causes for which Power Link is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Charter Act, and/or the provisions of the said bills of lading, and/or the General Maritime law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. This suit should be removed on the basis of forum non-conveniens.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. That if plaintiff suffered any loss or damage, which Power Link denies, then such loss or damage resulted from a cause arising without the actual fault and privity of Power Link and without the fault or neglect of the agents or servants or Power Link, and Power Link is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which Power Link is

not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by Power Link's terms of the service.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. That plaintiff failed to state a cause of action against Power Link in its complaint upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. Upon information and belief, that the venue of this matter is improperly placed in this District pursuant to the forum selection clauses in the applicable bill of lading contracts.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

18. That plaintiff has failed to name a necessary party.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19. The maximum liability of defendant(s) if any, is $500 per package as agreed to in the provisions of the bill(s) of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. Section 1304 (5).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20. That if the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was proximately caused by a Restraint of Princes, for which the

carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(g) and (k) and by the terms of the contract of carriage.

### AS AND FOR THEIR CROSS-CLAIMS AGAINST DEFENDANT SAFMARINE CONTAINER LINES
### DEFENDANT POWER LINK ALLEGES AS FOLLOWS:

21. Power Link Repeats and realleges each and every allegation of the complaint and admission, denial and denial of knowledge or information contained in paragraphs 1-20 inclusive of this answer, with the same force and effect as if herein set forth at length.

22. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss of damage caused any liability to Defendant Power Link, then the said liability was brought about by Co-Defendant Safmarine Container Line's negligence and/or breach contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Power Link is entitled to full indemnity and/or contribution from Co-Defendant Safmarine Container Line, for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE**, Defendant Power Link prays that the complaint against it be dismissed and its cross-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
March 31, 2008

                                                    CICHANOWICZ, CALLAN, KEANE,
                                                    VENGROW & TEXTOR, LLP
                                                    61 Broadway, Suite 3000

New York, New York 10006

*Attorneys for Defendants*
*Power Link International*

By:   S/ Stephen Vengrow
      Steven H. Vengrow (3479)

## CERTIFICATE OF SERVICE BY ECF AND US MAIL

The undersigned declares under penalty of perjury that the following is true and correct.

1. I am over the age of eighteen years and I am not a party to this action.

2. On April 1, 2008, I served the following by ECF and US Mail a true and complete copy of Power Link's response to plaintiff's complaint with cross claim to the following party at:

DATED: New York, New York
April 1, 2008

s/ Jessica De Vivo
Jessica A. De Vivo (JAD6588)

# EXHIBIT J

# POWER LINK LOGISTICS' MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT ON THE BASIS OF *FORUM NON CONVIENENS*

# NYS Department of State

## Division of Corporations

**Entity Information**

---

Selected Entity Name: MARAN, INC.

Selected Entity Status Information

**Current Entity Name:** MARAN, INC.
**Initial DOS Filing Date:** NOVEMBER 24, 2006
**County:** NEW YORK
**Jurisdiction:** DELAWARE
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

**Registered Agent**
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

NOTE: New York State does not issue organizational identification numbers.

Search Results    New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

  

# State of Delaware
### The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware          Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 4236830 | Incorporation Date / Formation Date: | 10/17/2006 (mm/dd/yyyy) |
| Entity Name: | MARAN, INC. | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | CORPORATION SERVICE COMPANY | | |
| Address: | 2711 CENTERVILLE ROAD SUITE 400 | | |
| City: | WILMINGTON | County: | NEW CASTLE |
| State: | DE | Postal Code: | 19808 |
| Phone: | (302)636-5401 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ⊙ Status ⊙ Status,Tax & History Information  [Submit]

[Back to Entity Search]

To contact a Delaware Online Agent click here.