Our File No.: 9109/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Power Link Logistics
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL INSURANCE COMPANY and
MARAN, INC.

      Plaintiff,

            -against-

M/V MSC CHINA her engines, boilers,
tackle, etc. POWER LINK LOGISTICS INC.
SAFMARINE CONTAINER LINES N.V.

      Defendants.

**08cv1806 (SHS)(HP)**

**RESPONSE TO
SAFMARINE'S MOTION TO
DISMISS**

## ARGUMENT

    Safmarine stated in its Notice of Motion that if this matter is not dismissed against

it on the basis of the forum selection clause in its bill of lading, it will move to have this

matter dismissed against it on the basis of *forum non convienens*,[1] presumably in favor of

the South African forum identified in Power Link Logistic's Motion to Dismiss.[2]  ("The

doctrine of *forum non convienens* is a discretionary device permitting a court, in rare

instances, to dismiss an action even if the court is a permissible venue with proper

jurisdiction over the claim." Carey v. Bayerische Hypound Vereinsbank AG, 370 F.3d

234, 237 (2d Cir.2004))  As such, Safmarine's position seems to be that it is amenable to

dismissal of this matter in favor of either the forum designated in its bill of lading or the

---

[1] See Docket #13, pg. 2
[2] See Docket #'s 16-20

load port forum (i.e. Durban, S.A.) "where it [the subject container] sat before being loaded onto the vessel."[3]

Since parties whom can only be found in Durban, S.A. are necessary to the resolution of this matter, Durban, S.A. is the preferable jurisdiction.  In this regard, as stated in Power Link Logistic's Motion to Dismiss, the most convenient forum to resolve this matter would be Durban, S.A. where a seal change on the container took place prior to loading aboard the ocean vessel.  Stated more simply, it is the testimonies of the port personnel at the Port of Durban and people handling the container at issue at said port that are critical to developing a factual basis upon which a Court's decision can be rendered.  And, these people are not subject to this Court's jurisdiction.  ("The seal no. that arrived in America 2149427 was not the same one that entered the stacks in Durban. The seal no. that entered the stacks in Durban was MLZA0947843 and that was the same as my instructions given to me.")[4]

In other words, Safmarine ultimately argues that this matter should <u>not</u> be in the Southern District of New York.  Power Link Logistic concurs with Safmarine in that this matter should be dismissed from the Southern District of New York.  Plaintiff should be required to bring this action in the jurisdiction where justice will be served, Durban S.A.

### <u>CONCLUSION</u>

The Southern District of New York is not the proper forum for adjudication of this maritime action.  Plaintiff's claims against defendants should be dismissed.

Dated: New York, New York
       May 30, 2007

---

[3] See Docket # 15, pg. 2
[4] Id.

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
Attorneys for Defendants
Power Link Logistic

By:     S/ Stephen Vengrow
        Steven H. Vengrow (3479)

<u>**CERTIFICATE OF SERVICE BY ECF**</u>

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On May 30, 2008 I served by ECF a complete copy of Power Link Logistic's Response to Safmarine's Motion to Dismiss to the following attorney at the ECF registered address:

Gina M. Venezia
FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005
212-425-1900

Harold Kingsley
KINGSLEY KINGSLEY & CAULKINS
91 West Cherry Street
Hicksville, NY 11801

DATED:       May 30, 2008
             New York, New York


                    S/      Jessica De Vivo          (JAD/6588)
                            Jessica De Vivo, Esq.