UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY and                        ECF CASE
MARAN, INC.

                                                                                                08 Civ. 1806 (SHS)(HP)

                     Plaintiffs,

   -against-                                                                    **MEMORANDUM OF
                                                                                     LAW IN OPPOSITION**
M/V MSC CHINA her engines, boilers, tackle, etc.    **TO DEFENDANT**
POWER LINK LOGISTICS INC.                           **SAFMARINE'S**
SAFMARINE CONTAINER LINES N.V.                      **MOTION TO DISMISS**

                     Defendants.
------------------------------------------------------------------X

<u>Preliminary Statement</u>

Defendant, Safmarine Container Lines N.V., asserts its forum selection clause contained in the Non-negotiable Waybill no. 750336194, which refers to the laws and courts of Antwerp where Safmarine apparently has its registered office, as an affirmative defense to plaintiffs' claim herein.

It is questionable, however, whether the courts in Antwerp would enforce the Safmarine forum selection clause against plaintiffs herein, because plaintiff Maran, Inc. was not a holder of, nor named in the Safmarine Waybill. (Exh. 2)

According to Professor William Tetley's compilation of National Summaries of Maritime Law in the Fourth Edition of, <u>Marine Cargo Claims</u>, vol. 2, (2008), p. 2425, dealing with the law of Belgium,

> "A jurisdiction clause must be accepted by a third-party holder. . . .
> However, in order for a jurisdiction clause to be opposable against the
> third-party holder, present case law holds that under both articles it must
> be established first that the jurisdiction clause was accepted in writing by

the third-party holder."

Here, plaintiff, Maran, Inc., was not named in the Safmarine Non-negotiable Waybill, which was not a document of title to the goods.  (See, Bender Declaration, paragraph 9, quoting the terms on the front side of the Waybill.)  Defendant Safmarine presents no evidence that Maran, Inc. accepted the Safmarine Waybill in writing or was even aware of its existence, and thus, Belgian law provides no remedy to plaintiffs in the courts of Antwerp and the Safmarine motion to dismiss must be denied.  M/S Bremen v. Zapata Off-Shore Company, 407 U.S. 1, 10 (1972).

Furthermore, according to the website of "Maersk," Safmarine is a wholly owned subsidiary of the A.P. Moller-Maersk Group of Companies, the major ocean container shipping company in the world, and whose Maersk Lines bills of lading contain a forum selection clause for the Southern District of New York where U.S. COGSA[1] applies.

Thus, William J. Bender, located in Madison, NJ, where Maersk Inc. has its U.S. headquarters, is a Maersk employee and handles all of Safmarine's U.S. based cargo claims, as attested in the Bender Declaration in Support.  Mr. Bender also states that, "Safmarine is an ocean carrier specializing in the carriage of containerized cargoes with a regular liner service between South Africa and United States ports," in paragraph 4 of his Declaration.

---

[1] The U.S. Carriage of Goods by Sea Act, 46 U.S.C. §30701, historical and statutory notes, formerly 46 U.S.C.App. §1300 et seq.

It thus appears incongruous that U.S. based cargo claimants are referred to the law and courts of Antwerp, which has no relation to the voyage, this claim, or, indeed, even to the commercial shipping business and claims handling of Safmarine's U.S. liner service, making Antwerp "*seriously* inconvenient for the trial of the action [emphasis in original]." Bremen, *Id.* at 16.

## Argument

POINT I    THE LAW OF BELGIUM TO WHICH PLAINTIFFS ARE REFERRED BY THE SAFMARINE FORUM SELECTION CLAUSE DOES NOT RECOGNIZE THE ENFORCEABILITY OF THIS CLAUSE AGAINST PLAINTIFFS

The Safmarine forum selection clause not only refers plaintiffs' claim to the courts, "where the Carrier has his registered office," but also states the claim, "shall exclusively be governed by," the law in such place, which defendant contends is Belgian law.

However, under Belgian law, Safmarine's forum selection clause would not be enforceable against plaintiffs who are not holders of the Safmarine Non-negotiable Waybill and did not accept, in writing, the terms of the Waybill as required to enforce the clause under Belgian law.

> "A jurisdiction clause must be accepted by a third-party holder.  Under the provisions of art. 17 EEX-Treaty [Brussels Convention on jurisdiction and the enforcement of foreign judgements in civil and commercial matters 1968.] / art. 23 EEX-Regulation [Counsel regulation (EC) number 44/2001 of 22 December 2000 on jurisdiction and recognition and

enforcement of foreign judgements in civil or commercial matters.], a jurisdiction clause is valid if one of the parties to the original contract is domiciled in a EU member state and the jurisdiction clause is in favour of a court of a member state.  However, in order for a jurisdiction clause to be opposable against the third-party holder, present case law holds that under both articles it must be established first that the jurisdiction clause was accepted in writing by the third-party holder." Marine Cargo Claims, *Id.*

Thus, the very clause that Safmarine seeks to enforce against plaintiffs would not be enforceable against plaintiffs under Belgian law, and Safmarine's motion to dismiss on this basis must be denied.

POINT II   SINCE PLAINTIFFS MAY BE DEPRIVED OF THEIR DAY IN COURT UNDER BELGIAN LAW, THE PRESUMPTION OF VALIDITY OF THE SAFMARINE CLAUSE IS OVERCOME IN THIS INSTANCE AS HELD BY THE U.S. SUPREME COURT'S ANALYSIS IN THE BREMEN CASE

The non-enforceable law and jurisdiction clause of the Safmarine Waybill under Belgian law as to plaintiffs, coupled with the absence of plaintiff, Maran, Inc.'s, name anywhere on the Waybill which was not used to transfer title to the goods, may deprive plaintiffs of their "day in court" in Antwerp.  The U.S. Supreme Court in Bremen, *Id.* at 15, held that forum selection clauses found to be "unreasonable and unjust" need not be enforced.

Here, none of the party or non-party witnesses involved with this claim are located in Antwerp, Belgium, or the European continent.  Safmarine's parent company's

Bill of Lading forum selection clause for the same liner trade as Safmarine's is eminently more reasonable and just by comparison, and states :

> "26.  LAW AND JURISDICTION.  Whenever clause 6.2(d) and/or whenever US COGSA applies, whether by virtue of Carriage of the Goods to or from the United States of America or otherwise, that stage of the Carriage is to be governed by United States law and the United States Federal Court of the Southern District of New York is to have exclusive jurisdiction to hear all disputes in respect thereof."
> (http://www/maerskline.com/link/?page=brochure&path=/do_business/bill_of_lading_clauses)

Furthermore, Safmarine utilized William Bender of Maersk, Inc. in Madison, NJ to investigate plaintiffs' claim and to support Safmarine's motion herein, and since plaintiff Maran, Inc. did not freely negotiate for application of the Safmarine Waybill, Antwerp may well be said to be "*seriously* inconvenient for the trial of this action." Bremen, *Id.* at 16.

It is further noteworthy that none of the myriad cases cited at page 6 of Safmarine's Memorandum of Law concerns Belgian law or the courts of Antwerp.  The one case cited on page 8 of its Memorandum, Fed. Ins. Co. v. M/V Bonn Express, 2002 U.S. Dist. LEXIS 10043 (SDNY 2002), conditionally dismissing without prejudice in favor of an Antwerp forum selection clause, was actually handled by plaintiffs' attorneys herein, and as noted by Judge Kaplan, "[n]either plaintiff nor defendants Hapag Lloyd A/G and Hapag Lloyd Container Line GmbH has filed papers in opposition to the motion."

Thus defendant Safmarine has failed to cite specific binding precedent in the Second Circuit that Safmarine's forum selection clause is reasonable, just, or enforceable as written.

## CONCLUSION

The motion to dismiss defendant Safmarine from this action on the basis of its forum selection clause must be denied as the law of Belgium and the lack of standing of plaintiff Maran, Inc. under the Waybill before the courts of Antwerp may deprive plaintiffs of a remedy and their day in court; Safmarine's Waybill clause no. 26 is unreasonable and unjust under the circumstances as discussed in <u>Bremen</u>; no case law in this Circuit has been cited by defendant that previously upheld Safmarine's forum selection clause; and for such other and further relief as the Court deems just and proper.

Dated:     May 30, 2008

                                        Respectfully Submitted,

                                        KINGSLEY, KINGSLEY & CALKINS
                                        Attorneys for Plaintiff


                                        BY:   /S/
                                            Steven P. Calkins
                                        91 West Cherry Street
                                        Hicksville, N.Y. 11801
                                        (516) 931-0064