UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY and                    ECF CASE
MARAN, INC.

08 Civ. 1806 (SHS)(HP)

          Plaintiffs,

ATTORNEY
   -against-                                        DECLARATION IN
                                                 OPPOSITION TO
M/V MSC CHINA her engines, boilers, tackle, etc. DEFENDANT POWER'S
POWER LINK LOGISTICS INC.                        MOTIONS TO DISMISS
SAFMARINE CONTAINER LINES N.V.                   FOR *FORUM NON
                                                 CONVENIENS*, AND
          Defendants.                  DEFENDANT
                                                 SAFMARINE'S MOTION
                                                 TO DISMISS UNDER B/L
-------------------------------------------------------------------X

     I, Steven P. Calkins, hereby declare under the penalty of perjury that the

following is true and correct as prescribed in 28 U.S.C. §1746:

     1.    I am an attorney admitted to practice law before this Court and am  a

member of the law firm of Kingsley, Kingsley & Calkins, attorneys for plaintiffs, Federal

Insurance Company and Maran, Inc.  I have reviewed plaintiffs' files with regard to this

matter, and make this Declaration in opposition to defendant Power Link Logistic's

motion to dismiss on the grounds of  *forum non conveniens*, and defendant Safmarine's

motion to dismiss on the grounds of a forum selection clause in the Safmarine Waybill.

     2.    The facts of this case are common to both of defendants' motions, but the

legal arguments are separately briefed for the Court in the accompanying Memoranda

of Law in Opposition.

     3.    This is a maritime cargo non-delivery case involving the loss of 755 cartons

of women's garments with a sound market value of $97,606.26 shipped from Durban,

South Africa to the Port of New York.

    4.    Defendant Power Link Logistics was the non-vessel owning common carrier (NVOCC) that issued Bill of Lading no. 750336194/001 dated June 9, 2007, to the shipper, Global Garments Company (Pty) Ltd., and consigned to Citibank NA New York USA, with notify party listed as plaintiff, Maran, Inc.  See, Exhibit 1.

    5.    Defendant Safmarine was the ocean common carrier that issued Waybill no. 750336194 dated "shipped on board" June 9, 2007, to ZA Trans Logistics, shipper's freight forwarder, and consigned to Power Link Logistics, the NVOCC.  See, Exhibit 2.

    6.    Both the Power Link Bill of Lading and the Safmarine Waybill list the seal number on the subject container no. TEXU4748216 as MLZA0947843, and state the gross weight of the loaded container as 9,711.28 KGS.  When the container no. TEXU4748216 arrived at the Maher Terminal in Port Newark-Elizabeth Marine Terminal, the seal number on container no. TEXU4748216 was different than the seal number shown on the Bill of Lading and Waybill, i.e. #2149427.  When container no. TEXU4748216 was delivered to Maran, Inc., the seal #2149427 broken, and the container opened, it was discovered to be empty, resulting in plaintiffs' loss.

    7.    Plaintiff, Federal Insurance Company, is the subrogated underwriter for plaintiff, Maran, Inc.   Federal Insurance Company is an Indiana corporation authorized to conduct insurance business in New York as one of the Chubb Group of Insurance Companies, and has an office at 55 Water Street, New York, NY, where this claim was received, adjusted, handled, and paid under the insurance policy issued to Maran, Inc.

8.    Plaintiff, Maran, Inc., is an importer and distributor of garments in the New York metropolitan area, incorporated in Delaware, with Executive Offices and a warehouse in North Bergen, NJ, approximately 8.0 miles from this Courthouse.  Maran, Inc. also has a Showroom at 1407 Broadway, New York, NY.  See, Exhibit 3 - Maran letter dated July 16, 2007, to William Bender, the claims handler for Safmarine on this loss.

9.    Attached as Exhibit 4 is a copy of the North Bergen, NJ Police report #7033128 regarding the reported loss on July 9, 2007, at Maran's warehouse location.

10.    This loss was further investigated by Matthew Stelzer, a marine surveyor with Stelzer Associates of Freehold, NJ.  Attached as Exhibit 5 is a copy of the Stelzer Associates Survey Report and cover letter to Chubb Group of Insurance Companies at 55 Water Street, New York, NY dated October 19, 2007.

11.    Defendant, Safmarine, supports its motion for dismissal on the Declaration of William Bender, the claims handling agent for Safmarine for this loss, who is located in Madison, NJ, approximately 30 miles from this Courthouse where his Declaration in Support was signed.  (See, Declaration of William J. Bender, paragraph 6).  The Antwerp forum in which Safmarine seeks to have this claim adjudicated, has absolutely nothing to do with the facts, voyage, or witnesses involved with plaintiffs' loss.

12.    Defendant Power Link Logistics neglects to inform the Court that it raised as its sixth affirmative defense to this action, the forum selection clause in its Bill of Lading at clause 21:

3

"GOVERNING LAW AND JURISDICTION (a) The contract evidence by or contained in this Bill of Lading shall be governed by the law of the State of California in the United States of America and any action or other dispute thereunder shall be brought before the California courts unless the Carrier otherwise agrees in writing. (b) In the event that notwithstanding condition 21(a) this contract shall be held to be subject to the laws of any other State or County than except where repugnant to the provision of that law these conditions shall continue to apply." See, Exhibit D to Lan Hoang Declaration in Support.

13.    Defendant Power Link Logistics has waived this affirmative defense and instead relies upon the discretionary power of the Court in seeking to dismiss this action solely on grounds of *forum non conveniens*, prior to the one year time bar under COGSA, which expires July 9, 2008, the one year anniversary of the delivery of the container from Maher Terminals.

14.    Indeed, without conceding the enforceability of clause 21, above, or whether it constitutes a mandatory forum selection clause, defendant Power Link Logistics is nevertheless estopped now from later raising this clause as a bar to plaintiffs' claim in future proceedings here or elsewhere.

WHEREFORE, plaintiffs respectfully demand that the respective motions of the defendants herein be denied in their entirety, and that this action be allowed to proceed in plaintiffs' chosen forum in the interests of justice.

Dated:        May 30, 2008

_____/S/_____
                Steven P. Calkins

EXHIBIT   1

# POWER LINK LOGISTIC INC.

| BILL OF LADING | B/L NO.: |
|---|---|
| | 150405194-001 |

(Continued from Reverse Side)
NOT NEGOTIABLE UNLESS CONSIGNED >>TO ORDER<<

**Shipper Exporter (complete name and address)**

GLOBAL GARMENTS COMPANY (PTY) LTD
SITE NO. 12208-622
THETSANE INDUSTRIAL AREA MASERU LESOTHO
TEL +266-223125544 FAX +266-223212445

**DOCUMENT NO.**

**EXPORT REFERENCES**

**Consignee (complete name and address)**

CITIBANK NA NEW YORK USA

**FORWARDING AGENT-REFERENCES**

**POINT AND COUNTRY OF ORIGIN**

**Notify party (complete name and address)**

MARAN INC.
4301-4315 TONNELLE AVENUE
NORTH BERGEN NJ 07047 USA

**DOMESTIC ROUTING/EXPORT INSTRUCTIONS**

| Place of receipt | Precarriage by | FOR DELIVERY APPLY TO:- |
|---|---|---|
| Vessel/Voy. | Port of Loading | |
| MSC CHINA N050 | DURBAN | |
| Port of discharge | Place of delivery | |
| NEWARK | NEW YORK | |

**PARTICULARS FURNISHED BY SHIPPER**

| Marks and numbers | No. of pkgs | Description of packages and goods | Gross weight | Measurement |
|---|---|---|---|---|
| 2X40'GP | SAID TO CONTAIN 1660CTNS | 19 657.66/KGS | 107.685/CBM |
| YYYYYY | SHIPPER'S LOAD & COUNT & SEAL | | |
| KNLU4309463/40'GP/MLZA0947842/9.946 40KGS/53.299CBM/905 CTNS/CY-CY | | | |
| TEXU4748216/40'GP/MLZA0947843/9.711.28KGS/54.386CBM/755CTNS/CY-CY | | | |
| SEE ATTACHED | SEE ATTACHED | | |

ORIGINAL

"FREIGHT COLLECT" SVC TYPE:CY-CY
SAY: TOTAL TWO (2) FORTY FEET GENERAL PURPOSE CONTAINERS ONLY

| Freight and charges: | Prepaid | Collect | |
|---|---|---|---|
| OCEAN FREIGHT | | AS ARRANGED | |

RECEIVED the goods or the containers, vans, trailers, pallet units or other packages said to contain goods herein mentioned, in apparent good order and condition, except as otherwise indicated, to be transported, delivered or transshipped as provided herein. All of the provisions written, printed or stamped on either side hereof are part of this Bill of Lading contract.
IN WITNESS WHEREOF, the master or agent of said vessel has signed 3 (THREE) original Bills of Lading, all of the same tenor and date, ONE of which being accomplished, the others to stand void.
Declared Cargo Value$ _____ . If merchant enters a value Carrier's limitation of liability shall not apply and the ad valorem rate will be charged. Clause 7 on the reverse said hereof limits carrier's liability to a maximum of U.S. $500 per package or customary freight unit by virtue of incorporation of the U.S. carriage of Goods by Sea Act, 1936 unless merchant declares a higher value above and pays Carrier's ad valorem freight charge.

**POWER LINK LOGISTIC INC.**

| Total prepaid | |
|---|---|
| Total collect | |

By _____ (as carrier)

Month _____ Day _____ Year _____

TERMS AND CONDITIONS OF CONTRACT



PAY/DELIVER TO THE ORDER OF
CITIBANK, N.A.
AUTHORIZED SIGNATURE

## ATTACHMENT

| VSL/VOY: MSC CHINA  N350 | SO: 6194 | B/L NO:750336194/001 |
|---|---|---|

| MARKS AND NUMBER | DESCRIPTION OF PACKAGES AND GOODS |
|---|---|

KNLU4309468
MLZA0947842

1X40'GP CONTAINER STC
905 CTNS /678.75DZ

GOODS(WOVEN GARMENTS)
HTS#6204.62.40.11/9819.11.1200
CAT:348

LADIES FG PLUS 16W-26W 75%
CTN 24% POLY 1% SPX.11.5OZ
WOVEN STRETCH 5PKT BLUE BLACK
DENIM JEANS W/EMB AND BRAIDED BELT
PO NO:9308-73
STYLE NO:FGW37421
COLOUR:DARK STONE

TEXU4748216
MLZA0947843

1X40'GP CONTAINER STC
755 CTNS /714.75DZ

GOODS(WOVEN GARMENTS)
HTS#6204.62.40.11/9819.11.1200
CAT:348

LADIES FG PLUS 16W-26W 75%
CTN 24% POLY 1% SPX.11.5OZ
WOVEN STRETCH 5PKT BLUE BLACK
DENIM JEANS W/EMB AND BRAIDED BELT
PO NO:9308-73
STYLE NO:FGW37421
COLOUR:DARK STONE
161 CTNS /120.75DZ

PO NO:9308-74
STYLE NO:FGW37421
COLOUR:DARK STONE
594 CTNS /594DZ

L/C NR.5817095504
SHIPPING MARKS AS PER COMMERICAL
INVOICE NR.33070223

ON BOARD NOTATION:
FM DURBAN,SOUTH AFRICA TO NEW YORK
VESSEL NAME :MSC CHINA V.N350
ON BOARD DATE : JUNE.09,2007

PAY / DELIVER TO THE ORDER OF

MARINA C

CITIBANK, N.A.

AUTHORIZED SIGNATURE

EXHIBIT 2



**NON-NEGOTIABLE WAYBILL**

Waybill No.
SAFM
750036194

**Shipper**
ZA TRANS LOGISTICS
2ND FLOOR
67 OLD FORT RD
DURBAN

Booking No.
750036194

Export references
DSX3538

**Consignee**
POWER LINK LOGISTICS INC
21112 FIGEROA STREET SUITE A
MAIN TEL: 310-782-1111
FAX: 310-787 2500

This non-negotiable Waybill, which is issued instead of a Bill of Lading at the Merchant's request, is not a document of title to the Goods. Otherwise the contract evidenced by this Waybill is deemed to be a contract as defined in Article 1(b) of the Waybill Rules. Carrier to exercise due care ensuring that delivery is made to the Consignee or his authorised representative. However, the Carrier shall not be liable for misdelivery, unless caused by the Carrier's negligence. In accepting this waybill, and/or taking delivery of the Goods, and notwithstanding the non-signing of this waybill by the Merchant, the Merchant expressly accepts and agrees to all terms, conditions and exceptions of the Carrier's non-negotiable Waybill whether or not on the reverse of this document at Merchant's option and available from the Carrier, its agents and at Carrier's website indicated in the signature box below as though printed, stamped or otherwise incorporated in this Waybill.

**Notify Party**
SAME AS ABOVE
MAIN TEL: 310-782-1111
FAX: 310-787 2500
ATT: POLLY YANG

Onward Inland routing ( For account of the Merchant)

Place of Receipt. Applicable only when document used as Multimodal Waybill

**Vessel**
MSC CHINA

**Voyage No.**
N350

Place of Delivery. Applicable only when document used as Multimodal Waybill

**Port of Loading**
Durban

**Port of Discharge**
Newark

**PARTICULARS FURNISHED BY SHIPPER - CARRIER NOT RESPONSIBLE**

| Kind of packages; description of goods; Marks and numbers; Container No./Seal No. | Gross Weight | Measurement |
|---|---|---|
| 2 containers said to contain 1660 CARTONS | 19557.680 KGS | 107.6850 CBM |

WOVEN GARMENTS

TEXU4748216  ML-ZA0947843  40 DRY 86 9755 CARTONS 9711.290 KGS 53.3690 CBM

KNLU4309468  ML-ZA0947842  40 DRY 86 905 CARTONS 9846 390 KGS 54.3160 CBM

SHIPPER'S LOAD, STOW, WEIGHT AND COUNT

CY/CY

FREIGHT COLLECT

Forwarder  Ref: DSX3538

Above particulars as declared by Shipper, but without responsibility of or representation by Carrier

| Freight & Charges | | Unit | Currency | Prepaid | Collect |
|---|---|---|---|---|---|
| Basic Ocean Freight | 2650.00 | Per Container | USD | | 5300.00 |
| Bunker Adjustment Factor | 880.00 | Per Container | USD | | 1760.00 |
| Chassis Usage | 60.00 | Per Container | USD | | 120.00 |
| Handling Charge - Destination | 600.00 | Per Container | USD | | 1200.00 |
| Equipment Repositioning Surcharge | 0.00 | Per Container | USD | | 0.00 |
| Export Service Charge | 341.00 | Per Container | ZAR | 682.00 | |
| Documentation Fee - Origin | 15.00 | Per Bill of Lading | USD | 15.00 | |
| Handling Charge - Origin | 1176.00 | Per Container | ZAR | 2352.00 | |
| Port Security Charge | 5.00 | Per Container | USD | | 10.00 |

**Carrier's Receipt Total** number of containers or packages
received by Carrier
2 containers

**Place of Issue of Waybill**
Durban

Shipped, as far as ascertained by reasonable means of checking, in apparent good order and condition unless otherwise stated herein the total number or quantity of Containers or other packages or units indicated in the box opposite entitled "Carrier's Receipt"

**Shipped on Board**
2007-06-12

**Date of Issue of Waybill**
2007-06-12

Declared Value Charges (see clause 7.3 of Carrier's Waybill or Bill of Lading)
for Declared Value of US

Signed by the Carrier Safmarine Container Lines N.V.
www.safmarine.com

ARCHIVE COPY
VERIFY COPY

B/L: 750336194    Attachment No.:   1/1



| Freight & Charges | | Unit | Currency | Prepaid | Collect | |
|---|---|---|---|---|---|---|
| Carrier Security Charge | 6.00 | Per Container | USD | | | 12.00 |

EXHIBIT 3



SQ**UEE**ZE | MARAN INC.

Executive Office & Warehouse: 4301 - 4315 Tonnelle Ave.
North Bergen, NJ 07047
Tel: (201) 867-8833
Fax: (201) 867-8899

Date: July 16, 2007

To: William Bender – Safmarine, Inc.

Attn: Claim Dept

From Agnes Chang- Import Manager of Maran

Re: Lost the entire boxes 755 ctns from a 40' container
Shipment from South Africa to New York ETA NY 7/4/07
Vessel name: MSC China N350
Master Bill of lading No. SAFM750336194
Container no. 1) texu 474821 -755 ctns ( completely lost)
2) knlu4309468- 905 ctns
Original seal no. ML-za0947843
New seal no. on container: MSC 2149427
Shipper: Global Garments Ltd. Co.

Commodity in these two container : Ladies plus Jeans
PO 9308-73 style no. fgw37421 qty. 799doz ( 9594pcs.
PO 9308-74 style no. fgw37421 qty. 594dz. ( 7128pcs.)
Invoice NO. 33070223, Invoice value: 131,267.70

On July 6, 2007, we have received the complete qty. 905 ctns for container
2)knlu 4309468.

On July 9, 2007 the container 1) texu 474821 arrived our NJ warehouse at
12:15pm located at 4301-15 Tonnelle Ave, North Bergen NJ 07047.

It was found that the Seal NO. MSC2149427 is different from the Seal No
ML-ZA0947843 showed on the documents.

As our warehouse shipping manager cut the seal and open this container it was
found this container was completely empty. The entire 755 cnts were lost in this
container. Please see below scan pictures of this empty container and the
changed Seal No.

Showroom: 1407 Broadway  •  SUITE 2202  •  New York, NY 10018  •  Tel: (212) 382-3310  •  Fax: (212) 302-1849

**SQUEEZE**  |  MARAN INC.

Executive Office & Warehouse: 4301 - 4315 Tonnelle Ave.
North Bergen, NJ 07047
Tel: (201) 867-8833
Fax: (201) 867-8899

The local police dept. at North Bergen, NJ has been reported for this lost.

Please investigate this matter ASAP

Below is the claim for this loss:  755 ctns
PO 9308-73  style FGW37421    1149pcs.
PO 9308-74  style FGW 37421   7128pcs.
Total:    8,577pcs. x selling price 11.38/pc  =    $97,606.26

Please settle this claim with Maran ASAP
We also reserve the claim for the penalty from buyer due to non-delivery of the merchandise.

Enclosed the following copy documents to support this lost :
1.  Invoice and packing list
2.  warehouse receiving report
3.  arrival notice
4.  Power Link Logistic Inc. shipment pre-alert
5.  copy of bill of ladings ( hbl )
6.  deliver order
7.  inter-change receipt from Maher Terminal
8.  Police report from North Bergen NJ
9.  copy of claim letter to Banc of America Corp Insurance Agency LLC

If you have question please contact me at  201-867-8833 ext 101,
fax no. 201-867-8118

Thank you and best regards

EXHIBIT 4



NORTH BERGEN POLICE DEPARTMENT
*NORTH BERGEN, NJ*

## Incident Report #7033128
Report Entered: 07/09/2007 16:03:13

| Case Title | Location |
|---|---|
| **LOST PROPERTY** | **4301 TONNELLE AVE** |
| Date/Time Reported | Date/Time Occurred |
| **07/09/2007 14:06:00** | **to** |
| Incident Type/Offense | |
| **NON CRIMINAL INCIDENT (0002 )** | |
| Reporting Officer | Approving Officer |
| **HIMSEL, B (93)** | **LYONS, W (238)** |

**Persons**

| Role | Name | Sex | Race |
|---|---|---|---|
| **REPORTING PERSON** | **HUANG, RICHARD** | **MALE** | **ASIAN/PACIFIC ISLANDER** |

**Offenders**

| Status | Name | Sex | Race |
|---|---|---|---|

**Vehicles**

**Property**

| Class | Description | Make | Model | Serial # | Value |
|---|---|---|---|---|---|

### Narrative

On the above date I responded to the above location on a report of a empty trailer. Once on scene
I spoke with Richard Huang who stated Sam Lueng who works for United Logistic Trucking
Co arrived at Port Newark 10:16 am and, left the yard at 11:35 am and, at the above location
at 12:15 pm. Mr Huang states when the truck arrived he went to the dock and the seal#2149427
and opened up the doors to the container #TEXU474821. Mr. Huang states when he open the
container doors the container was empty. Mr. Huang states he then called the Port Newark
and advised them of the situation and, check all the numbers on the trailer, seal number, and
container number. Mr. Huang states all the numbers matched with the party he spoke to in the Port
Newark Terminal. Mr Huang states he sent an e-mail to the NY Harbor Water Front
Commission informing them they received a container (Bill of lading #SAFM750336194) which
should have had 755 cartons of jeans was not in the container. Mr. Huang states the container was
shipped form South Africa on a Vessel (MSC China N350) on 7/4/2007. MR. Huang stated
he would call that company and see if they know what happened to the merchandise and inform
this department if the merchandise.

EXHIBIT 5

# STELZER & ASSOCIATES
## INDEPENDENT ADJUSTERS / SURVEYORS

**6 BUCK DRIVE**
**FREEHOLD, NJ 07728**
**TEL: 732-577-0457**
**FAX: 732-577-0932**
**Email: matstel @ aol.com**

October 19, 2007

Chubb Group of Insurance Companies
55 Water Street
New York, NY 10041-2899

Attention:  Andy Gonsavos

Re:  Assured:  Maran, Inc.
     Non-Delivery of Lady's Wearing Apparel
     On or About June 7, 2007
     Your Ref:  25922
     Our Ref:  11288-7

Dear Sir:

We refer you to our previous correspondence in respect to the above matter and attach herewith
our preliminary/final survey report along with our fee for services, which we forward for your
attention and that of interested underwriters.

We of course take this opportunity to thank you for your kind assignment, as well as your
continued support.

Yours faithfully,

*Matthew Stelzer*

Matthew Stelzer
Adjuster/Surveyor

MS/kt

# STELZER & ASSOCIATES
## INDEPENDENT ADJUSTERS / SURVEYORS

**Your Ref: 259222**
**Our Ref: I-1288-7**

**October 19, 2007**

**Interested Underwriters Concerned**
**via**
**Chubb Group of Insurance Companies**

**PRIVATE AND CONFIDENTIAL**
**PRELIMINARY/FINAL SURVEY REPORT**

| | |
|---|---|
| **ASSURED:** | Maran, Inc.<br>4301–4315 Tonnelle Avenue<br>North Bergen, NJ 07047 |
| **POLICY NUMBER:** | 259222 |
| **TERM:** | July 1, 2007 for 12 Months |
| **POLICY LIMITS:** | Cost Plus 20% |
| **DEDUCTIBLE:** | Not Advised |
| **CONVEYANCE:** | "MSC China" V-N350 |
| **TRANSIT:** | Lesotho, Africa to North Bergen, NJ |
| **INTEREST:** | Lady's Wearing Apparel |
| **LOSS:** | Non-Delivery of Cargo<br>On or About June 7, 2007 |
| **CLAIM:** | $97,606.26 |
| **ESTIMATED DAMAGES:** | $94,690.27 (Subject to Deductible & Terms &<br>Conditions of Policy) |

We refer underwriters to our previous correspondence in respect to the above captioned matter
and will now report as follows:

I-1288-7
Page 2

## GENERAL

Maran, Inc. is an importer and wholesaler of Lady's wearing apparel and accessories. The assured has been in business for an excess of 30 years. The shipment involved in this loss consisted of lady's plus size jeans u nder the Wal-Mart private label of Faded Glory. For the past 15 years, the assured has been purchasing wearing apparel from Global Garments Company (PTY), Ltd., Lesotho, Africa. This factory, which is owned by a Taiwanese company Nen Shing, ships an average of two 40' high cubed container loads of wearing apparel per week. The assured has never experienced a problem with any shipments emanating from this factory. The assured has indicated that they have been conducting business with factories in Lesotho, Africa for over 20 years. The assured receives approximately seven to eight container loads of garments from factories in Lesotho, Africa per week and has never experienced any problems with these shipments. Lesotho, Africa is a landlocked country surrounded by South Africa and is approximately an eight to nine hour drive from nearest port in Durban, South Africa.

This loss concerns the theft of the entire container load of lady's wearing apparel during transit from Lesotho, Africa to North Bergen, New Jersey.

## CIRCUMSTANCES

Please find attached (marked as "Appendix A") a copy of the commercial invoice issued by Nen Shing, Taipei, Taiwan. This invoice reflects a shipment consisting of 1,660 cartons of lady's plus size jeans. Terms of delivery were recorded on this invoice as "FOB Lesotho". Corresponding to this commercial invoice is an invoice for the identical shipment and dollar amount issued by Nen Shing's factory Global Garments (PTY), Ltd., Lesotho. Matching quantities of 1,660 cartons weighing 19,557.68 kilos are recorded on the corresponding invoice. Global Garments (PTY), Ltd.'s invoices are affixed with Lesotho Customs stamps dated June 6, 2007. Corresponding to this invoice is a packing list (marked as "Appendix C") for two 40' containers. Ocean con tainer #KNLU4309466 was loaded with 905 cartons at the Global Garments (PTY), Ltd.'s facility. Seal #ML-ZA0947842 was affixed to this container. Forty foot ocean container #TEXU4748216 was loaded with 755 cartons. Seal #ML-ZA0947843 was affixed to this container, which possessed a cargo weight of 9,711.28 kilos. Marked as "Appendix D" is an examination certificate issued by Lesotho Revenue Authority (Customs) indicating that they were present when the containers were loaded and sealed. This document records the seal numbers as ML-ZA947842 and ML-ZA947843 respectively. Marked as "Appendix E" is an export document, which reflects the corresponding seal numbers. It has therefore been confirmed that Lesotho Customs verified that both containers were loaded with cargo as reflected on the packing list and secured with seals in their presence. The containers were then transported by local truckers to the port in Durban, South Africa. As previously indicated, it is customary for this trip to take nine hours and for the containers to cross the Lesotho/South African border. When crossing the border, South African Revenue Service (SARS) reportedly makes sure the containers are properly sealed and all documentation is in order. In this respect, we attach custom declaration forms SAD500 and SAD502. Underwriters will note that South African Customs did not record seal numbers

I-1288-7
Page 3

on these documents. Accordingly, they also did not record any seal discrepancy, which we understand would have been the customary poli cy if there was any. It is our understanding that the "shipper's factory in compliance with U.S. anti -terrorism procedures, has satellite tracking systems on the trucks "to monitor delivery from factory to harbor stacks safely and timely". Accordingly, there were no unusual occurrences during the course of inland transportation.

Available records indicate that both containers were delivered to the Durban terminal ship stacks on June 7, 2007. In respect to container #TEXU4748216, this unit possessed Maersk seal #ML-ZA0947843 when it was checked into the stacks on June 7, 2007 by Kevin Martin. Kevin Martin and his mother Colleen Martin own a document processing business named Kal ethabo, 551 Lighthouse Road, Bluff, Durban, South Africa. Kevin Martin processes CTO's (container terminal order) for the shipper. In respect to this particular container, when it arrived at the Durban stacks, which reportedly is "a staging area within the confines of Durban Container Terminal, which is a restricted and secured area by S.A.P.O.". (South African Port Organization), Mr. Martin completed the attached CTO (marked as "Appendix G") indicating that container #TEXU4748216 possessed the original seal #ML -ZA0947843.

We attach (marked as "Appendix H") a statement from Mr. Martin indicating the following: "After I have entered the correct seal number on the document. The truck proceeds to enter the stacks via a security gate. The operator at the gate enters the container number plus seal number plus the truck number (only) into the computer. Then the truck will proceed to A-Check where he will then produce the CTO to the clerk. The clerk will then enter the info onto the computer at A-Check, which will correspond with info entered by the operator at the gate. If the info corresponds with each other the clerk will then receive a printout from the computer, instructing the driver to offload at a given tower to up the container off the truck. As per the attachment of the CTO that you sent me via e-mail. This clearly shows my handwritin g that the container number and the seal number that left the factory was correct to my given instructions that I received from Global Garments (PTY), Ltd. and it entered the port correctly". Mr. Martin has gone to state that "the seal number that arrived in America 2149427 was not the same one that entered the stacks in Durban. The seal number that entered the stacks in Durban was ML -ZA0947843 and that was the same as my instructions given to me". He has stated further that "I have gone into the SAPO Web site and cannot explain on their behalf as to why the container seal number was not entered onto the system when entering the port. I have noticed that sometime the operator at the gate does not enter the seal number onto the computer and enters the code to imply that seal is out of reach. I personally think that this happens closer to the change of shift (6:00 A.M. in the morning). On this given day the container entered Durban stacks at 05HO2 on 6/7/2007. You will see that the new seal was only registered when they had the inspection to load onto the ship on 6/8/2007 at 09H35". According to information available, the Durban port does not permit any containers to enter the stack for export without a seal. We attach (marked as "Appendix I-1 through I-3") container handling details from South Africa Port Authority. Marked as "Appendix I-1" is the container handling details issued when the container entered the port. We have highlighted the area which reflects "DI". As indicated, this means

I-1288-7
Page 4

"door intact". No seal number was recorded. Marked as "Appendix I-2" is a document dated June 8, 2007 indicating that the container was secured with seal #2149427. We have highlighted the information pertaining to this seal number. Marked as "Appendix I -3" is the final check before the container was boarded onto the ship. At this juncture, seal #2149427 was again recorded on available documentation. Accordingly, the container was boarded onto the vessel "MSC China" V -350 on June 8, 2007 at 9:35 P.M. with the replacement seal #2149427 intact. Marked as "Appendix J" is the applicable House Bill of Lading and final alert issued by freight forwarder Power Link Logistics, Inc. This document incorrectly reflects the original seal number. We attach (marked as "Appendix K") the Ocean Bill of Lading for the "CYCY" shipment. This document reflects the changed seal number on container #TEXU4748216 as seal #2149427. It is our understanding that the vessel departed port in South Africa on or about June 9, 2007 for onward carriage to Maher Terminals, Port Elizabeth, New Jersey. The vessel arrived at Port Elizabeth, New Jersey on July 4, 2007. Attached (marked as "Appendix L") is the applicable arrival notice. Marked as "Appendix M" are custom entry forms. It is our determination that the container was not weighed when it left Maher Terminals and retrieved by trucker United Logistics, Inc. on July 9, 2007. Please find attached (marked as "Appendix M") the applicable trailer interchange receipt issued by Maher Terminals to Unite d Logistics, Inc. reflecting seal #2149427. Weight as recorded is consistent with the weight of a loaded container and it would appear that this weight was obtained from transit documentation. Driver Sam Leung left Port Newark at 11:45A.M. and arrived at he assured premises at 12:15 P.M. Marked as "Appendix N" is a delivery receipt dated July 9, 2007. This document reflects that seal #MS2149427 was affixed to the container. On July 9, 2007, the assured's Assistant Warehouse Manager Simon Goan opened the se aled container in the presence of the driver and discovered that it was empty. He claused the delivery receipt "sealed MSC2149427 but completely empty container". At that juncture, Mr. Goan notified Warehouse Manager Andrew Chen, whom inspected the empty c ontainer and had taken the attached photographs (marked as "Appendix O"). The assured's Warehouse Manager Andrew Chen then alerted Executive Vice-President, CFO & COO Richard Huang. Mr. Huang subsequently contacted the North Bergen Police Department and which issued the attached incident report (marked as "Appendix P"). Mr. Huang also notified the Waterfront Commission of New York Harbor, whom also attended the assured's terminal.

## SURVEY/INVESTIGATION

Immediately upon receipt of assignment on July 19, 20 07, we established contact with Richard Huang of Maran, Inc. We subsequently initiated a liaison with Mr. Huang and Agnes Chang of the assured firm and made arrangements to attend a meeting with them on July 24, 2007.

As scheduled, we attended a meeting at the assured premises on July 24, 2007, at which time we met with Mr. Huang and Ms. Chang, obtaining various information in respect to this matter. At the time of their meeting, we had the opportunity to interview Warehouse Assistant Manager Simon Goan and Warehouse Manager Andrew Chen. We confirmed that the container with seal

I-1288-7
Page 5

#2149427 intact was empty on delivery. We had the opportunity to inspect the original seal from the accompanying container #MLZA0947842. This was a Maersk bottle seal. Affixed to this container was MSC bottle seal #2149427, which was also examined by our office. During the course of our meeting with the assured, we reviewed all available documentation and were informed that the assured's trucker United Logistics, Inc. has been a firm they have used for several years without incident. Accordingly, warehouse personnel were familiar with driver Sam Leung as a regular driver. We determined that the load was in the custody of the trucker for approximately 40 minutes. This of course would not be enough time to unload a floor loaded container and deliver it to the assured's facility. As the container had the same seal it left the port with, the truck driver would not be considered a suspect. We also were comfortable with the fact that the assured personnel were truthful and honest during the course of their interviews and would not have any involvement in the theft. Contact was established with North Bergen Police and the Waterfront Commission of New York Harbor, whose findings were similar.

We then initiated an extensive investigation into this matter, liaising with various parties overseas to include Marcia Lehmkuhl from freight forwarders Z.A. Trans Logistics, whom are local agents in Durban, South Africa for Power Link Logistics, Inc. Z.A. Trans Logistics was made aware of our keen interest in determining where the theft occurred and in an effort to resolve this matter, a meeting was held at the Durban port with various officials from the South African Port Authority. After this meeting, the South African Police were advised that it had appeared that the theft occurred at the port During the course of our inquiries, we also initiated a liaison with Maersk Line (Safemarine) and concluded that the container was pilfered after its arrival at the Durban port and prior to being loaded onto the vessel. As indicated, South African Police are currently conducting an investigation into this matter and are aware that the stolen items are all plus size jeans with Wal -Mart private labels and therefore may be difficult to sell.

We have been assured that we will be advised if there is any recovery of the stolen merchandise.

## **CLAIM/RESERVE**

Claim was originally submitted by the assured in accordance with the attached statement (marked as "Appendix Q") at selling price broken down as follows:

| PURCHASE ORDER # | STYLE # | QNTY |
|---|---|---|
| 9308-73 | FGW37421 | 1,149 |
| 9308-74 | FGW37421 | 7,128 |
| TOTAL | | 8,577 |

8,577 pieces @ Selling Price $11.38 per      $97,606.26

Insurers have advised us that policy valuation is selling price if sold, less unincurred expenses. We therefore have requested that the assured revise their claim and document it in accordance

I-1288-7
Page 6

with proper policy valuation. An amended claim has been presented in accordance with "Appendix R" as follows:

| | |
|---|---|
| 2,577 Lady's Plus Size Jeans, Style #FGW37421 | $97,606.26 |
| Less Chargebacks @ 2.5% | 2,440.16 |
| SUBTOTAL | $95,166.10 |
| Less Sales Commissions @ 0.5% | - 475.83 |
| TOTAL | $94,690.27 |

The assured has supported the sale of 111,884 pieces Style #FGW37421 on January 29, 2007 at $11.38 per unit, in accordance with the attached purchase orders and EDI Report (marked as "Appendix S") issued to customer Wal-Mart Stores, Inc. The assured has also established via the attached Vendor Supplier Agreement (marked as "Appendix T") issued by Wal-Mart Stores, Inc. that there is a 2.5% allowance for chargebacks. They also have confirmed sales commissions for the Wal-Mart Stores, Inc. account at .05%. This sales commission is recorded in the top right hand corner of the purchase orders as "sales code ½%/55". This reportedly "means ½% commission to salesperson #55". As the freight from Maran, Inc. to Wal-Mart Stores, Inc. was to be paid to by the assured's customer, this expense can not be considered as unincurred.

**SUBROGATION**

Attached is a letter dated July 16, 2007 to the attention of the shipping line placing them on formal notice of this loss.

**SUMMARY**

It would appear that the loss occurred while the container was in the care, custody and control of SAPO at the Durban, South Africa port. The original seal in all likelihood was removed by the miscreants prior to the loading of the container onto the vessel for ocean voyage. Claim has been submitted in accordance with the assured's policy valuation for net selling price of $94,690.27. This claim should be subject to the assured's policy deductible, as well as terms and conditions of the applicable policy of insurance.

**RECOMMENDATIONS AND COMMENTS**

This report is based on information which was made available to us a t the time of survey and is issued without prejudice to underwriters liability.

Yours faithfully,

*Matthew Stelzer*

Matthew Stelzer
Adjuster/Surveyor

**I-1288-7**
Page 7

## APPENDIX

A.    Commercial Invoice
B.    Commercial Invoice
C.    Packing List
D.    Examination Certificate
E.    Export Certificate
F.    South African Customs Certificate
G.    Container Terminal Order
H.    E-mail Issued by Kevin Martin
I-1.   Container Handling Details When Received at Stack
I-2.   Container Handling Details at Stack
I-3.   Container Handling Details Prior to Loading onto Vessel
J.    House Bill of Lading
J-1.   Shipping Advice
K.    Ocean Bill of Lading
L.    Arrival Notice
M.    U.S. Custom Entry Form
N.    Trailer Interchange Receipt & Claused Delivery Receipt
O.    Photographs Taken on Delivery
P.    North Bergen Police Report
Q.    Letter Directed to Insurance Broker
R.    Amended Statement of Claim
S.    Purchase Orders
T.    Vendor Supplier Agreement with Wal-Mart Stores, Inc.
U.    Letter Dated July 16, 2007 Directed to Safe Marine, Inc.