192-08/GMV
FREEHILL HOGAN & MAHAR, LLP
80 Pine St.
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
Gina M. Venezia (GV1551)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMNPANY and MARAN, INC.<br><br>     Plaintiffs<br><br>- versus -<br><br>M/V MSC CHINA, her engines, boilers, tackle, etc., POWER LINK LOGISTICS INC., SAFMARINE CONTAINER LINES N.V.<br><br>     Defendants. | 08-cv-01806 (SHS)<br><br>**DEFENDANT SAFMARINE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

  Defendant Safmarine Container Lines N.V. (hereinfater "Safmarine") submits this memorandum in further support of its motion to dismiss all claims against it, in accordance with the mandatory forum selection clause contained in the Safmarine waybill governing the carriage of the cargo that is the subject of this dispute and in response to the opposition filed by Plaintiffs. As explained herein, Plaintiffs have failed to demonstrate any basis for denying enforcement of the forum selection clause. Accordingly, the clause should be enforced and all claims against Safmarine asserted in this action dismissed.[1]

---

[1] Co-Defendant Power Link has also moved to dismiss the claims against it, but its motion is sought on the basis of *forum non conveniens* as opposed to a binding mandatory forum selection clause. The issues presented by Power Link's motion are thus distinct from the issues presented by Safmarine's application.

NYDOCS1/306176.1              1

## SUMMARY OF ARGUMENT

There is really no dispute as to the facts relevant to the issues presented by Safmarine's motion. Plaintiffs have filed suit for alleged damages arising out of the loss of their containerized cargo which was transported pursuant to Safmarine waybill 750336194 (the "Waybill"). Plaintiffs specifically referenced and incorporated the Waybill in their complaint. (*See* Verified Complaint, ECF No. 1, ¶2 & Schedule A). The Waybill contains a mandatory, exclusive jurisdiction clause which requires "any claim or dispute" arising under the Waybill to be "exclusively determined by the courts" of Antwerp, Belgium. (*See* Bender Declaration Ex. A & B).

Plaintiffs could not dispute and do not dispute that the Waybill's jurisdiction clause is mandatory. As such, Plaintiffs, as the party opposing enforceability of the clause, bear the heavy burden of establishing that enforcement would be unreasonable as defined by the Supreme Court. Plaintiffs do not contest that the burden is theirs. Yet, Plaintiffs utterly fail to demonstrate the existence of any of the grounds recognized by the Supreme Court for avoiding a mandatory forum selection clause such as that here. Plaintiffs instead ask the Court to recognize a new basis for refusing enforcement of a jurisdiction selection which focuses on whether the foreign forum would enforce the jurisdiction clause. As an alternative, Plaintiffs argue that the selected forum is inconvenient and that litigation in New York would be more convenient. Neither argument is supportable. Safmarine submits that Plaintiffs fail to satisfy their burden because there is absolutely no basis to reject enforcement of the Belgian forum selection clause contained in the Waybill.

## LEGAL DISCUSSION

As explained in Safmarine's original motion papers, mandatory and exclusive foreign forum selection clauses are presumptively valid and must be enforced absent a clear showing that they are unreasonable or unjust. *M/S Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 15 (1972); *Asoma Corp. v. M/V Southgate*, 2000 AMC 399, 400 (S.D.N.Y. 1999); *see also In re Ricoh Corp.*, 870 F.2d 570, 573 (11 Cir. 1989) (emphasizing that "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases"). The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, that the chosen forum is fundamentally unfair, or that enforcement of the clause deprives the plaintiff of his day in court. *Bremen*, 407 U.S. at 12-13, 15, 18; *see also Carnival Cruise Lines, Inc., v. Shute*, 499 U.S. 585, 595 (1991) (holding that respondents must satisfy a "heavy burden of proof" to set aside a forum selection clause).

Here, Plaintiffs do not argue (nor could they) that the clause results from fraud or overreaching, that enforcement would violate a strong public policy, or that the courts of Belgium are fundamentally unfair. Plaintiffs instead, in a somewhat confusing discussion, seem to argue that they "may [be] deprived" of their day in court because (i) the Belgium courts would not enforce the forum selection clause and (ii) Belgium "may well be" "seriously inconvenient for trial." (Plaintiffs' Memo. pp. 4-6). Both of Plaintiffs' arguments are legally and factually insufficient. Each is discussed below.

### 1. Whether the Jurisdiction Clause is Enforceable Under Belgian Law Is Irrelevant.

With their first argument, Plaintiffs suggest that this Court's inquiry into whether the jurisdiction clause is enforceable is to be determined in accordance with Belgian law. (Plaintiffs'

Memo. Point I). Plaintiffs argue that the Belgian courts would not enforce the jurisdiction clause against Plaintiffs and therefore the motion to dismiss should be denied. Apart from the fact that Plaintiffs' version of Belgian law is not supported by any credible evidence, the argument is entirely misplaced.

The question of whether a jurisdiction selection clause is valid does not turn on whether the forum selected would enforce that very same clause. The enforceability of the clause and the question as to whether a U.S. court should enforce it is governed by U.S. law and the directives of the U.S. Supreme Court. *See, e.g., Bremen*, 407 U.S. at 12-13, 15, 18; *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995). In setting forth the test for determining the enforceability of foreign forum clauses, the Supreme Court has never stated that enforceability is dependent on whether the jurisdiction clause at issue would be enforceable by the courts of that foreign forum. There is simply no authority (and Plaintiffs have cited none) which would support their argument that Belgian law controls the enforceability of the clause at issue. Plaintiffs' first argument thus lacks any support, is specious and should be rejected out-of-hand.[2]

---

[2] With their opposition, Plaintiffs mention that their names do not appear on the Safmarine Waybill, because it was issued to an NVOCC (*i.e.* Defendant Power Link), rather than to Plaintiffs directly, but Plaintiffs never really argue that this fact somehow allows them to escape the terms of the Waybill in their claims against Safmarine. Plaintiffs have not made that argument because they know it is not sustainable. As made clear by *Norfolk S. Railway v. James N. Kirby, Pty. Ltd.*, 543 U.S. 14 (2004), Plaintiffs are bound by the terms of the Waybill entered into by the NVOCC which Plaintiffs hired to provide the international transportation of its cargo.

Moreover, the law is clear that when a plaintiff sues a carrier on a bill of lading (as Plaintiffs have done here), the plaintiff is deemed to have accepted the bill and is bound by its terms. *See All Pacific Trading, Inc. v. M/V Hanjin Yosu*, 7 F.3d 1427, 1432 (9th Cir. 1993) ("At the very least, plaintiff's initiation of this suit constituted acceptance of the terms of the Hanjin bills of lading"), *cert. denied*, 510 U.S. 1194 (1994); *Mitsui & Co. (USA), Inc. v. M/V Mira*, 111 F.3d 33, 36 (5th Cir. 1997) ("the district court did not err in determining that, by filing a lawsuit for damages under the bill of lading, [the shipper] has accepted the terms of the bill of lading, including the un-negotiated forum selection clause"); *F.D. Import & Export Corp. v. M/V Reefer Sun*, 248 F. Supp. 2d 240, 248 (S.D.N.Y. 2002) (holding that terms of bill of lading apply to cargo interest where it brings suit thereunder); *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 125 (S.D.N.Y. 1997) (same), *aff'd*, 161 F.3d 115 (2d Cir. 1998); *Kanematsu Corp. v. M/V Gretchen W*, 897 F. Supp. 1314, 1317 (D. Or. 1995) (same).

2.  **Plaintiffs have not Shown that Enforcement of the Clause Results in Grave Inconvenience Such that They Would be Deprived of Their Day in Court.**

Plaintiffs' second argument fares no better than their first. Here, Plaintiffs try to cobble together various assertions in an effort to demonstrate that enforcement of the clause would be inconvenient and unreasonable and that litigation in New York would be more convenient. (Plaintiffs' Memo. Point II). To avoid enforcement of a jurisdiction clause on the basis of inconvenience, however, a party must demonstrate that litigation in the chosen forum is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18. The four points raised by Plaintiffs do not even come close to meeting the standard, and the effort is ultimately unconvincing.

Plaintiffs' first point – that none of the witnesses is located in the chosen forum – is precisely the type of inconvenience argument which has been rejected by the Supreme Court and other federal courts. *See M/V Sky Reefer*, 515 U.S. at 537-39 (finding that increased cost and inconvenience are insufficient reasons to invalidate foreign forum-selection clauses); *see also Shute*, 499 U.S. at 603; *Anchor Seafood, Inc. v. CMA-CGM (Caribbean), Inc.*, No. 05-23097-civ, 2006 AMC 1415 (S.D. Fla. May 4, 2005). The fact that litigation in the U.S. may be more convenient to Plaintiffs because they are located here is not enough.

Plaintiffs' second point – that the bill of lading of a company affiliated with Safmarine contains a New York forum selection clause – is likewise deficient. Here, Plaintiffs suggest that the parties' rights and liabilities in this case should somehow be governed or influenced by a bill of lading of an entity which was not involved in this carriage and which is not a party to this action. Again, there is no support cited for this suggestion, and there is none. The suggestion is bizarre.

Plaintiffs' third point is even stranger. Here, Plaintiffs imply that the jurisdiction clause should not be enforced because Mr. William Bender, an employee located in New Jersey, adjusts claims for Safmarine. There is no suggestion, nor could there be, that Mr. Bender had any involvement with the underlying facts to this dispute, and the mere fact that he adjusts claims for Safmarine has no bearing on the analysis as to whether the jurisdiction clause should be enforced.

Finally, in a last-ditch effort to satisfy its burden of proof, Plaintiffs state that the jurisdiction clause should not be enforced because "Safmarine has failed to cite specific binding precedent in the Second Circuit that Safmarine's forum selection clause is reasonable, just, or enforceable as written." (Plaintiffs' Brf. 6). There are several deficiencies with this argument. First, Plaintiffs seem to forget that a mandatory forum selection clause (like Safmarine's here) is presumed to be valid and that they (not Safmarine) bear the burden of showing that enforcement would be unreasonable or unjust. *See Bremen*, 407 U.S. at 12-16. Secondly, binding precedent concerning the enforceability of foreign forum selection clauses exists by way of the Supreme Court, which requires the enforceability of such clauses unless the party opposing enforcement satisfies a heavy burden. *Id.* Finally, to the extent Plaintiffs are suggesting that the courts of Belgium are somehow unable to handle this dispute or would be unreasonable, the suggestion should be rejected. It is based upon the "parochial concept that all disputes must be resolved under our laws and in our courts" – a view which has been rejected by the Supreme Court. *Sky Reefer*, 515 U.S. at 537-38.

In sum, Plaintiffs have woefully failed to satisfy their burden of demonstrating that the Safmarine forum selection clause should not be enforced. Accordingly, Safmarine is entitled to dismissal to any and all claims filed against it in this forum.

## CONCLUSION

For these reasons as well as those outlined in Safmarine's original motion papers, any and all claims asserted against Safmarine in this case, including the claims of Plaintiffs and the cross-claims of Co-Defendant Power Link, should be dismissed.[3]

DATED:   New York, New York
         June 13, 2008

                                    Respectfully submitted,

                                    /s/Gina M. Venezia
                                    Gina M. Venezia
                                    FREEHILL HOGAN & MAHAR, LLP
                                    80 Pine Street
                                    New York, New York 10005
                                    (212) 425-1900
                                    *Attorneys for Defendant Safmarine*

---

[3] Co-Defendant Power Link submitted a "response" to Safmarine's motion to dismiss, but Power Link does not argue that the forum selection clause is not enforceable. Because Power Link has not argued against the validity or enforcement of the clause, its response does not articulate any basis for denying Safmarine's motion.

NYDOCS1/306176.1                           7

## CERTIFICATE OF SERVICE

  I hereby certify that on June 13, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF**:

| | |
|---|---|
| Harold Kingsley | Stephen H Vengrow |
| Kingsley Kingsley & Calkins | Cichanowicz, Callan, Keane, Vengrow & Textor |
| 91 West Cherry Street | 61 Broadway, Suite 3000 |
| Hicksville, NY 11801 | New York, NY 10006 |
| hmk@kingsleyandkingsley.com | svengrow@cckvt.com |
| Attorneys for Plaintiffs | Attorneys for Co-Defendant |

              /s/ Gina M. Venezia

              Gina M. Venezia